UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER A. JONES, ) | |
| ) | |
| Plaintiff, ) | 2:12-cv-01578-JAD-NJK |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ALAN ZIMMER, *et al.*, ) | (Docket Nos. 27 and 28) |
| ) | |
| Defendants. ) | |

This is an action on a civil rights complaint pursuant to 42 U.S.C. § 1983, removed from state court. This action proceeds on the amended complaint. Docket No. 8. The Amended Complaint was previously screened by the Court. Docket No. 16. The screening order imposed a 90-day stay and the Court entered a subsequent order in which the parties were encouraged to engage in informal settlement discussions. Docket Nos. 16 & 17. The Office of the Attorney General filed a status report indicating that settlement was not reached and informing the Court of its intent to proceed with this action. Docket No. 22.

On September 18, 2013, the Court ordered Plaintiff's Amended Complaint served electronically on the Office of the Attorney General. Docket No. 23. The Court further ordered the Office of the Attorney General to file, within 21 days, a notice advising the Court and Plaintiff the names of

Defendants for whom it does accept service, the names of Defendants for whom it does not accept service, as well as the last known addresses, under seal, of Defendants for whom it has such information and does not accept service. *Id.*, at 2. On October 9, 2013, in compliance with the Court's Order, the Office of the Attorney General filed notice that it accepted service on behalf of Defendants Zimmer, Bryant, Arnel and Wilson. Docket No. 24. Additionally, the Office of the Attorney General filed notice, under seal, of Defendant Burson's last known address, as well as notice that it had made this sealed filing, which was served on Plaintiff. Docket Nos. 25 and 26.

On October 11, 2013, Plaintiff filed a motion identifying unserved defendant. Docket No. 27.[1] In this motion, Plaintiff asks the Court to order the Office of the Attorney General to file Defendant Burson's last known address under seal. *Id*, at 1-2. The Office of the Attorney General responded to Plaintiff's motion, correctly indicating that it had already done so. Docket No. 30. The Court therefore DENIES this request as moot.

Plaintiff, who remains in custody in state prison, further requests that the Court issue a summons to Defendant Burson and order the United States Marshal to serve the summons. Plaintiff also asks this Court to provide him with a copy of the form USM-285, so that he may perfect service. Docket No. 27, at 2. The Office of the Attorney General failed to respond to this request. Docket No. 30. The Court therefore GRANTS Plaintiff's request.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion identifying unserved defendants, Docket No. 27, is GRANTED in part and DENIED in part.

**IT IS FURTHER ORDERED** that Plaintiff's request for an Order requiring the Office of the Attorney General to file Defendant Burson's last known address under seal is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff's request for an Order requiring the U.S. Marshal to serve Defendant Burson is GRANTED.

---

[1] Plaintiff filed the identical motion on October 15, 2013. Docket No. 28. The Court DENIES that motion as moot.

2

1  **IT IS FURTHER ORDERED** that Plaintiff's request for a copy of USM-285 is GRANTED.

2  **IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with a blank
3  copy of the USM-285 form.

4  **IT IS FURTHER ORDERED** that the Clerk of the Court shall issue Summons to Defendant
5  Burson, and deliver the same to the U.S. Marshal for service. Plaintiff shall have twenty days in which
6  to furnish the U.S. Marshal with the required Form USM-285 (with Defendant Burson's address
7  omitted). Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285,
8  showing whether service has been accomplished, Plaintiff must file a notice with the court identifying
9  whether defendant was served. If Plaintiff wishes to have service again attempted on an unserved
10 defendant, a motion must be filed with the court identifying the unserved defendant and specifying a
11 detailed name and/or address for said defendant, or whether some other manner of service should be
12 attempted. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished
13 within 120 days from the date this order is entered.

14 **IT IS FURTHER ORDERED** that Defendant Burson's home address shall remain sealed and
15 shall not be provided to Plaintiff.

16 **IT IS FURTHER ORDERED** that Plaintiff's duplicative motion identifying unserved
17 defendant, Docket No. 28, is DENIED as moot.

18 Dated this 29th day of October, 2013.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

3