UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER A. JONES,<br><br>    Plaintiff(s),<br><br>vs.<br><br>ALAN ZIMMER, et al.,<br><br>    Defendant(s). | Case No. 2:12-cv-01578-JAD-NJK<br><br>ORDER RE: DISPUTED<br>INTERROGATORY RESPONSES<br><br>(Docket No.) |

  Pending before the Court is Plaintiff's motion to extend the discovery period. Docket No. 62. Through issuance of this order, the Court does not resolve that motion. Instead, this order addresses a specific issue raised in the briefing on the motion to extend. In particular, the reply brief to that motion addresses a dispute between the parties regarding interrogatories served by Plaintiff on April 13, 2014. *See* Docket No. 79 at 2. Since the interrogatory dispute was detailed for the first time in reply, the Court has discretion to consider it after providing an opportunity to respond. *See, e.g.*, *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1202 (9th Cir. 2001) ("The district court had discretion to consider the [new] issue even if it was raised in a reply brief.") As such, the Court hereby **ORDERS** Defendants to file, no later than July 28, 2014, a responsive brief regarding those interrogatories.

  Defendants' brief shall address the following:

  1) Whether the Court should construe Plaintiff's arguments in his already-filed reply brief as a motion for leave to file a motion to compel answers to the interrogatories that were served, *see, e.g.*, *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) ("Courts in this circuit have an

obligation to give a liberal construction to the filings of *pro se* litigants, especially when they are civil rights claims by inmates.");

2) If so, whether the Court should grant the motion for leave to file the motion to compel and deem the motion to compel filed based on the arguments raised in the reply brief, *see, e.g.*, Docket No. 93 (granting motion for leave to file motion to deem requests admitted);

3) If so, whether Defendants waived all objections to the disputed interrogatories by failing to object to them within 30 days, *see, e.g.*, Fed. R. Civ. P. 33(b)(4), and;

4) Any other argument regarding any objections by Defendants to the disputed interrogatories.

Plaintiff may file a supplemental reply no later than August 6, 2014. Any supplemental reply shall be limited to arguments related to the disputed interrogatories served on April 13, 2014.

IT IS SO ORDERED.

DATED: July 22, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge