UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER A. JONES,<br><br>                Plaintiff(s),<br><br>vs.<br><br>ALAN ZIMMER, et al.,<br><br>                Defendant(s). | Case No. 2:12-cv-01578-JAD-NJK<br><br>ORDER DENYING IN PART AND GRANTING IN PART MOTION TO COMPEL<br>(Docket No. 53) |

Pending before the Court is Plaintiff's motion to compel. Docket No. 53. Defendant filed a response in opposition and Plaintiff filed a reply. Docket Nos. 63, 73.[1] The Court finds the motion

---

[1] Defendants failed to timely respond to the motion to compel, resulting in the issuance of an order to show cause why the motion should not be deemed unopposed. *See* Docket No. 60. The Court also ordered that all arguments Defendants wished to present in opposing the motion to compel should be included in the response to the order to show cause. *See id.* Defendants presented their arguments to the motion in their response to the order to show cause. *See* Docket No. 63.

Defendants' excuse for failing to timely file an opposition is not compelling. In particular, Defendants' counsel argues that she believed that amended responses to the requests for production had been filed and, thus, no opposition to the motion needed to be filed. *See* Docket No. 63 at 2. This is puzzling given that the Local Rules expressly preclude parties from filing discovery on the docket. *See* Local Rule 26-8. Moreover, providing supplemental discovery does not relieve a party from filing a response to a motion to compel. Nonetheless, in the interests of justice, the Court in its discretion will consider the motion to be opposed in this instance. The Court cautions Defendants' counsel, however, that the Court expects strict compliance with the Local Rules in the future.

properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the motion is hereby **DENIED** in part and **GRANTED** in part.

**I.   Standards**

Parties are entitled to discover non-privileged information relevant to any party's claim or defense. *See, e.g.*, Fed. R. Civ. P. 26(b). Relevance for discovery purposes is broadly construed, *U.S. E.E.O.C. v. Caesars Ent., Inc.*, 237 F.R.D. 428, 431 (D. Nev. 2006), and encapsulates any "information reasonably calculated to lead to the discovery of admissible evidence," *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

The "party resisting discovery bears the burden of showing why a discovery request should be denied." *See, e.g.*, *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013) (quoting *Painters Jt. Committee v. Employee Painters Trust Health & Welfare Fund*, 2011 WL 4573349, *5 (D. Nev. Sept. 29, 2011)). Broad assertions of harm are insufficient to meet that burden. *See, e.g., Caesars Entertainment*, 237 F.R.D. at 432. Instead, the "objecting party must specifically detail the reasons why each request is irrelevant and may not rely on boilerplate, generalized, conclusory, or speculative arguments." *AMG Servs.*, 291 F.R.D. at 553 (internal quotation and citation omitted).

**II.   Analysis**

Plaintiff's motion identifies three requests for production to which he contends Defendants failed to properly respond. *See* Docket No. 53 at 1 (request for production 14), 2 (request for production 16), and 5 (request for production 28). The Court addresses each request for production in turn.

A.   Request for Production 14

This request for production seeks "[a] copy of the investigative report generated by the inspector general's office in relation to the excessive use of force charge against B. Wilson." *See* Docket No. 53 at 1. Defendants responded initially by indicating that "[t]here are no documents that respond to this request." *See id.* Defendants' response to the motion to compel fails to specifically address Request for Production 14. *See* Docket No. 63. That response does mention that an amended response to the requests for production was served after the motion to compel had been filed. *See id.* at 2. Although not entirely clear, it therefore appears that Defendants are arguing that the motion to compel is moot based on that subsequent

production.[2]  But the Defendants fail to explain how the additional documents provided, which include an "Investigation Detail Report[s] For: AG Office," *see* Docket No. 63-1 (Exh. 28), are responsive to this request for investigative reports *generated by the inspector general's office*. *Cf.* Docket No. 73 at 7-8 (casting doubt on whether such document is responsive to this document request).

In short, Defendants have failed to meaningfully oppose the motion to compel on this request for production and the Court finds they failed to carry their burden of showing either that the discovery has been produced or that such discovery is not allowed under the applicable rules.  Accordingly, the motion to compel is hereby **GRANTED** as to this request for production.

B. Request for Production 16

This request for production seeks "[a] copy of all documentation that Defendants may or may not use in defense of this matter gathered pursuant to the reasons set out in (#33) as a basis for seeking the enlargement of time to file answer or other responsive pleading." *See* Mot. at 2.  In Defendants' filing at Docket No. 33, they indicated that

> there are a number of documents, including grievances, notices of charges, disciplinary forms, etc. that must be gathered and authenticated, so that a proper and accurate responsive pleading can be made.  Additionally, Plaintiff has made claims of excessive force that led to an evaluation at the infirmary, and has alleged lingering medical complaints, including pain and numbness that apparently continue to this day.  Therefore, Defendants must gather and authenticate Plaintiff's medical records from Southern Desert Correctional Center, and any institutions that he may have been housed in since.

Docket No. 33 at 2-3.

Defendants responded to Request for Production 16 by objecting generally that the "[r]equest seeks documents beyond the scope of Fed.R.Civ.P. 26(b) and Fed.R.Civ.P. 34" and that the request was a means to obtain initial disclosures even though this case is exempt from the initial disclosure requirements. *See* Docket No. 53. at 19.  Notwithstanding the objections, however, Defendants indicated that they were producing responsive documents. *See id.*  In their supplemental response served after the motion to compel was filed, Defendants indicate that they provided "all exhibits" with the original response, and further listed

---

[2] Defendants' response leaves much to be desired.  In addition to being untimely, it fails to address two of the three requests for production at issue in the pending motion.  In addition, the only authority or legal discussion relate to requests for admission, *see* Docket No. 63 at 2, which are not at issue in the motion to compel.

other documents they may introduce at trial. *See* Docket No. 63-1 at 3 (listing, *inter alia*, Plaintiff's deposition testimony). Defendants have now represented to the Court that "Plaintiff has been given all relevant documents and non-relevant documents he has requested." Docket No. 63 at 2. Accordingly, the motion to compel is hereby **DENIED** as moot as to this request for production.

### C.  Request for Production 28

This request for production seeks "[a] copy of the report and any computer entry by Lt. Filson relating to (S&E) bring [sic] Jones to his office on 3-9-12 as relating to the Jones/SC/O Wilson incident." *See* Docket No. 53 at 22; *see also* Docket No. 53 at 5-6. Defendants responded initially by indicating that "[t]here are no documents that respond to this request." *See id.* Defendants' response to the motion to compel fails to specifically address Request for Production 28. *See* Docket No. 63. That response does mention that an amended response to the request for production was served after the motion to compel had been filed. *See id.* at 2. Although not entirely clear, it therefore appears that Defendants are arguing the motion to compel is moot based on that subsequent production. But Defendants fail to explain how the additional documents provided, which include an "Investigation Detail Report[s] For: AG Office" by Defendant Zimmer, *see* Docket No. 63-1 (Exh. 29), is responsive to this request. Indeed, a simple review of that document shows that it relates to a different incident on a different date involving different staff. *See* Docket No. 63-1 (Exh. 29).

In short, Defendants have failed to meaningfully oppose the motion to compel on this request for production and the Court finds they failed to carry their burden of showing either that the discovery has been produced or that such discovery is not allowed under the relevant rules. Accordingly, the motion to compel is hereby **GRANTED** as to this request.

//
//
//
//
//
//
//

4

**III.     Conclusion**

For the reasons discussed above, the motion to compel is **DENIED** as moot with respect to Request for Production 16 and is **GRANTED** with respect to Requests for Production 14 and 28. Defendants shall provide supplemental responses to Requests for Production 14 and 28 within 14 days of the issuance of this order.

IT IS SO ORDERED.

DATED: July 28, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge