# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER A. JONES,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ALAN ZIMMER, et al.,<br><br>　　　　　Defendants. | Case No.: 2:12-cv-1578-JAD-NJK<br><br>**Order Denying Motion for Default Judgment and to Strike Response Thereto**<br>**[Docs. 43 & 52]** |

Plaintiff Christopher A. Jones is a prisoner in the custody of the Nevada Department of Corrections, who brings this Section 1983 civil rights action challenging his treatment while incarcerated at the Ely State Prison and at the Southern Desert Correctional Center ("SDCC"). *See* Doc. 16. In Count V of his complaint, he alleges that SDCC warden Cheryl Burson condoned and approved a caseworker's retaliatory filing of false disciplinary charges against him. Doc. 8 at 33-34; Doc. 16. Jones obtained a clerk's entry of default against Burson on January 27, 2014. Doc. 41. He now moves for a default judgment against her for $1.00 in nominal damages and $5,000 in punitive damages. Doc. 43. Various answering defendants opposed the motion for default judgment. Doc. 48. Jones moves to strike that opposition, arguing that the opposing parties lack standing to comment. Doc. 52.

In *Frow v. de la Vega,* 82 U.S. 552, 553 (1872), the Supreme Court cautioned trial courts from entering a default judgment against a non-appearing defendant while claims against a participating defendant remain unresolved. *Frow* remains "[t]he leading case on the subject of default judgments in actions involving multiple defendants." *In re First T.D. & Investment, Inc.*, 253 F.3d 520, 532 (9th Cir. 2001). Its guiding principle prohibits default judgment against a non-

appearing defendant when it could be inconsistent with a judgment on the merits in favor of other defendants. *Id*. Although *Frow* itself bars only default judgments in cases of jointly liable parties, the Ninth Circuit extended its reach in *In re First T.D. & Inv., Inc.*, to any case in which the appearing and non-appearing defendants are "similarly situated." *Id*.

Entry of default judgment against Burson would run afoul of the *Frow* and *In re First T.D& Investment, Inc.* principles. Plaintiff's theory against Burson is based on the actions and purported liability of defendant Arnel and is alleged in conjunction with her supervisory duties. These allegations and theories are so closely intertwined that a default judgment against Burson would be inconsistent with a judgment on the merits in favor of Arnel. The *Frow* rule thus precludes this court from entering a default judgment against Burson while the claims against Arnel remain unresolved. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment against Defendant Burson [43] is DENIED as premature;

Because the court is denying the motion based upon the *Frow* principles[1] and the court's independent analysis of plaintiff's claims (and not based upon any reliance upon the response to the motion [48]),

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike the response to the motion for default judgment [52] is DENIED as moot.

Dated: August 13, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

---

[1] Nothing in this order is intended as a ruling on the merits of plaintiff's claim against Burson or his motion for default judgment.