1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| CHRISTOPHER A. JONES, | ) | |
| Plaintiff(s), | ) | Case No. 2:12-cv-01578-JAD-NJK |
| | ) | |
| vs. | ) | ORDERS |
| | ) | (Docket Nos. 57, 62, 79, 86, 117) |
| ALAN ZIMMER, et al., | ) | |
| | ) | |
| Defendant(s). | ) | ORDERS TO SHOW CAUSE |
| | ) | |

        Pending before the Court are five discovery-related motions.  First, Plaintiff filed a motion to deem requests admitted or compel proper responses as to requests for admissions served on Defendant Zimmer. Docket No. 57.  Defendant filed a response and Plaintiff filed a reply.  Docket Nos. 72, 75.  Second, Plaintiff filed a motion to deem requests admitted or compel proper responses as to requests for admissions served on Defendants Bryant, Arnel, and Wilson.  Docket No. 86.  Defendants filed a response and Plaintiff filed a reply.  Docket Nos. 104-1, 111.  Third, Plaintiff filed a motion for sanctions.  Docket No. 117. Defendants filed a response and Plaintiff filed a reply.  Docket Nos. 118, 123.  Fourth, Plaintiff filed a motion regarding disputed interrogatories.  *See* Docket No. 79.  Defendants filed a response and Plaintiff filed a reply.  *See* Docket No. 105-1, 116.  Fifth, Plaintiff filed a motion to extend discovery.  Docket No. 62.  Defendants filed a response and Plaintiff filed a reply.  Docket Nos. 74, 79.

        The Court finds the motion on the disputed interrogatories to be properly decided without oral argument.  *See* Local Rule 78-2.  The other motions came on for hearing on September 24, 2014.  *See* Docket No. 125.

The Court will address each motion in turn below.  For all briefing submitted by Plaintiff, the Court notes that he is a *pro se* prisoner and, therefore, the Court construes his papers liberally.  *See, e.g.*, *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) ("Courts in this circuit have an obligation to give a liberal construction to the filings of *pro se* litigants, especially when they are civil rights claims by inmates").[1]

## I.   FACTUAL BACKGROUND

This is a prisoner civil rights case brought pursuant to 42 U.S.C. § 1983.  Plaintiff brings causes of action against the following individuals: A. Zimmer, correctional sergeant; Bryant, correctional lieutenant; an unnamed state mailroom supervisor; C. Arnel, correctional caseworker; C. Burson, associate warden; and B. Wilson, correctional sergeant.[2]  Plaintiff's claims arise from serious allegations of misconduct.  For example, Plaintiff alleges that, during his incarceration at Ely State Prison, he was falsely accused of a rule violation by Defendant Zimmer and was wrongly held in administrative/disciplinary segregation for 59 days pending adjudication of the charges.  In particular, Plaintiff alleges that, while eating breakfast in the prison culinary on March 23, 2011, he made a comment to the inmate sitting at his table, responding to an exchange between other inmates and Defendant Zimmer by saying: "That's exactly why that shit happened in the kitchen, talking to grown ass men like that."[3]  After returning to his assigned cell in general population, Plaintiff was told to "roll up" his property, he was placed in restraints, and he was taken to the disciplinary/administrative segregation unit.  Plaintiff alleges that he was placed in segregation because Defendant Zimmer falsely charged him with disciplinary rule violations that included delaying and hindering staff, making threats, and organizing a work stoppage or demonstration.  Defendant Bryant signed the notice of charges, along with Defendant Zimmer.  Plaintiff alleges that the charges against him were

---

[1] At times the pagination provided by the parties' filings does not match the pagination given by CM/ECF upon filing.  The Court's pin citations herein refer to the pages given by CM/ECF.  Citations to the recording of the hearing of September 24, 2014, shall be noted by "Hearing Tr." followed by the relevant time of the hearing, as no written transcript has been prepared.

[2] The background section is taken in large part from the screening orders entered in this case.  *See* Docket No. 16, *amended in part by* Docket No. 40.

[3] A few weeks prior to making this statement, there was a confrontation in the inmate kitchen between a worker and staff.

1    dismissed as unfounded and meritless.  These factual allegations support several causes of action found

2    sufficiently pled to proceed to discovery.

3        Plaintiff also alleges numerous other causes of action based on additional factual allegations.  For

4    example, he alleges a claim for excessive force arising out of a March 9, 2012, incident with Defendant

5    Wilson.  Plaintiff alleges that he faced the wall and got on his knees pursuant to Defendant Wilson's order.

6    Plaintiff alleges that Defendant Wilson then came from behind him and pushed plaintiff's head into the

7    wall, and then "proceeded to use his 'hinged' wrist restraints as a weapon by slamming them on and

8    cranking them down so tight, until I lost circulation in my hands to induce pain."  Plaintiff alleges that the

9    restraints caused severe pain, deep imprints, and redness in his wrists.

10       All told, Plaintiff is proceeding with seven causes of action.  Currently pending before the Court

11   are four discovery-related motions filed by Plaintiff asserting that Defendants have failed to comply with

12   their discovery obligations in this case, in addition to a motion to extend the discovery period.  The Court

13   addresses each of those motions below in turn.  In light of the circumstances of this case, the Court also

14   issues several orders to show cause directed to Defendants and Defendants' counsel.

15   **II.    FIRST MOTION TO DEEM REQUESTS FOR ADMISSIONS ADMITTED (Docket No. 57)**;

16   **      ORDER TO SHOW CAUSE**

17       This motion disputes Defendant Zimmer's responses to numerous requests for admission served

18   by Plaintiff.  *See* Docket No. 57; *see also* Docket No. 57-1 at 1 (challenging responses to requests for

19   admission 1-6, 11-13, 16, 19, 20, 22-24, and 32).  Plaintiff argues that the responses to these requests for

20   admission were deficient on numerous grounds, and that the Court should deem the matters admitted

21   pursuant to Rule 36 or, alternatively, order appropriate responses be made.  *See, e.g.*, Docket No. 57 at 9.[4]

22   Defendant Zimmer resists, making several threshold arguments about the propriety of Plaintiff's motion

23   and some arguments specific to particular requests for admission.  *See* Docket No. 72.  The Court finds that

24   Defendant's arguments lack merit.

25

26

27   _____

28       [4] Unless otherwise specified, references to "Rules" refer to the Federal Rules of Civil Procedure.

A.      Recourse to File a Motion With the Court

As discussed in more detail below, one of Plaintiff's primary arguments is that Defendant improperly responded to the disputed requests for admission by asserting a lack of sufficient knowledge. Defendant makes a threshold argument that Plaintiff is without recourse to bring such a challenge because Defendant provided *a* response to each request for admission. *See* Docket No. 72 at 3 ("Plaintiff does not dispute that Defendant answered the discovery at issue.  He simply disagrees with the answers he received").[5]  Such an argument is contrary to the text of Rule 36 and binding Ninth Circuit authority.  In particular, Rule 36 provides, in pertinent part, that:

> The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. **On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.**

Rule 36(a)(6) (emphasis added).  Hence, the Rule makes clear that providing a non-compliant answer to a request for admission can indeed lead to an order deeming a matter admitted or requiring an amended answer.

Defendant's argument is also inconsistent with binding Ninth Circuit authority.  In particular, the Ninth Circuit has indicated that:

> It is also clear that an evasive denial, one that does not "specifically deny the matter," or **a response that does not set forth "in detail" the reasons why the answering party cannot truthfully admit or deny the matter, may be deemed an admission**. Since such a response does not comply with the literal requirements of Rule 36, the district court may, in its discretion, deem the matter admitted.

*Asea , Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981) (emphasis added).  The primary dispute in that case was whether the propounding party had recourse through the Court when the response

---

[5] Defendants' briefing on the pending motions often includes cursory arguments and is not always clear.  At times, the Court may refer to briefing on another motion that more clearly articulates the position that Defendants' counsel appears to be trying to make in the briefing on the motion being discussed.  On this particular issue, Defendants' counsel elsewhere elaborated that: "Of course, as is obvious from Plaintiff's motion in which he quotes Defendants' responses, Defendants responded to Plaintiff's requests. While Plaintiff may wish to dispute the adequacy of Defendants' responses, he cannot dispute that Defendants did in fact respond, which renders unavailable the remedy of having his requests deemed admitted." Docket No. 83 at 2 (emphasis added).

4

asserted that a reasonable inquiry was undertaken prior to asserting a lack of sufficient knowledge. *See id.* at 1245-46.  The Ninth Circuit held that the propounding party may move the Court for relief even though the requirements of Rule 36 appeared to be met on the face of the response:

> We hold, therefore, that a response that fails to admit or deny a proper request for admission does not comply with the requirements of Rule 36(a) if the answering party has not, in fact, made "reasonable inquiry," or if information "readily obtainable" is sufficient to enable him to admit or deny the matter.  **A party requesting an admission may, if he feels these requirements have not been met, move to determine the sufficiency of the answer, to compel a proper response, or to have the matter ordered admitted.**

*Id.* at 1247 (emphasis added).  This holding plainly precludes Defendant's argument that Plaintiff is without recourse to challenge the responses provided simply because there was some response.

In short, a responding party's responses to requests for admission are not insulated from Court review simply because he provided some response. *Cf. id.* at 1246 ("The discovery process is subject to the overriding limitation of good faith").  Accordingly, the Court finds that Rule 36 and Ninth Circuit authority allow Plaintiff to challenge the sufficiency of Defendant's responses to the requests for admission and to seek an order deeming the matters admitted.

B.  Meet-and-Confer

Parties are required to engage in a good faith consultation to resolve discovery disputes prior to filing discovery motions. *See, e.g.*, Local Rule 26-7(b).[6]  Defendant argues as a threshold matter that the motion should be denied outright because Plaintiff failed to engage in a good faith effort to resolve the dispute and, instead, that his meet-and-confer efforts show that he is simply harassing Defendant. *See* Docket No. 72 at 2-3.  Defendant bases these assertions on his contention that Plaintiff provided seven days to respond to his meet-and-confer letter. *Id.*

Defendant's position is not tenable, as Plaintiff did not provide only seven days to respond to his letter before filing his motion.  Instead, he sent his meet-and-confer letter on or about April 23, 2014 and

---

[6] The rules generally require a "personal consultation" to be considered a sufficient meet-and-confer effort, but that requirement does not apply in the context of prisoner civil rights litigation. *See, e.g., Bailey v. Suey*, 2014 WL 5342573, *2 (D. Nev. Oct. 20, 2014) (exchange of letters can be sufficient when one party is a prisoner).

provided Defendants' counsel with more than two weeks to either respond with amended responses or set up a telephone conference:

> I hope this will allow the Defendant to answer fully and responsively. If you should have any further questions, please set up a phone conference so that we can discuss this matter and resolve without court involvement. If I do not receive amended responses by May 8, 2014 or, have a phone conference with you, I will take that as your response and my good faith effort exhausted. Thank you for your cooperation.

*See* Docket No. 57-1 at 25. Consistent with that assertion, Defendant did not file his motion until May 12, 2014. *See* Docket No. 57.[7] Judged in the context of the actual facts of the meet-and-confer process, Plaintiff clearly satisfied his obligation to attempt in good faith to resolve the dispute prior to filing the pending motion. *Cf. F.D.I.C. v. 26 Flamingo, LLC*, 2013 WL 2558219, *1 (D. Nev. June 10, 2013) (quoting *De Leon v. CIT Small Business Lending Corp.*, 2013 WL 1907786 (D. Nev. May 7, 2013)) (the court may look beyond the assertions of counsel to determine if a proper meet-and-confer was held).

C.    Boilerplate Objections

The disputed requests for admission contain the boilerplate objections that the request is "premature, overbroad, and unduly burdensome." *See, e.g.*, Docket No. 72 at 3. Similarly, Defendant argued that some of the requests called for a legal conclusion. *See, e.g., id.* at 7. Boilerplate objections are disfavored. *EnvTech, Inc. v. Suchard*, 2013 WL 4899085, *4 (D. Nev. Sept. 11, 2013) (citing *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006)). Defendant, as the party resisting discovery, bears the burden of persuasion on his objections. *See, e.g., F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013). Such a burden is not met by relying on "boilerplate, generalized, conclusory, or speculative arguments." *Id.*; *see also Aevoe Corp. v. AE Tech Co.*, 2013 WL 4701192, *2 (D. Nev. Aug. 30, 2013). Defendant's briefing fails to establish grounds supporting his boilerplate objections. While Defendants' counsel at times mentioned some boilerplate objections at the hearing, *see, e.g.*, Hearing Tr. at 10:11, the arguments presented similarly failed to provide a sufficient ground establishing that the objections were proper. Accordingly, the Court finds that Defendant has failed to carry his burden with respect to any of the boilerplate objections.

---

[7] Another portion of the letter indicated: "Please remit within seven (7) days of receipt." *See* Docket No. 57-1 at 23. But the letter makes clear that Plaintiff was providing a longer period before he would proceed with filing his motion.

1

     D.    Lack of Sufficient Information

2     Every one of the disputed responses purports to deny the request for admission on the ground that

3 Defendant lacks sufficient information. *See, e.g.*, Docket No. 97-1 at 3 (response to request for admission

4 1, providing boilerplate objections, then asserting that, "[w]ithout waiving the objections, Defendant

5 responds as follows: Defendant is without sufficient knowledge and information as to all of the allegations

6 contained in this request, and thus, denies them all"). "A general statement that [the responding party] can

7 neither admit nor deny, unaccompanied by reasons, will be held an insufficient response." 8B Wright,

8 Miller, & Marcus, FEDERAL PRACTICE AND PROCEDURE § 2261, at 361 (2010). Instead, this type of answer

9 carries with it several requirements.

10     First, before making such a response, the responding party must undertake a reasonable inquiry into

11 readily obtainable information from persons and/or documents within the responding party's relative

12 control. *See F.D.I.C. v. Halpern*, 271 F.R.D. 191, 194 (D. Nev. 2010) (quoting *A. Farber & Partners, Inc.*

13 *v. Garber*, 237 F.R.D. 250, 254 (C.D. Cal. 2006)); *see also Asea*, 669 F.2d at 1245-46. This reasonable

14 inquiry requirement is similar to the duty owed in answering interrogatories. *See Halpern*, 217 F.R.D. at

15 193. What constitutes a "reasonable" inquiry depends on the circumstances of each particular case. *See*

16 *id.* at 194.[8]    Second, in addition to actually conducting that inquiry, the response to the request for

17 admission must "state[] that [the responding party] has made reasonable inquiry and that the information

18 it knows or can readily obtain is insufficient to enable it to admit or deny." Rule 36(a)(4). A boilerplate

19 statement to that effect is not sufficient, as the party must "state fully those efforts" undertaken to obtain

20 the needed information. *Halpern*, 271 F.R.D. at 194.

21     When a responding party fails to comply with these requirements, the Court has discretion to order

22 that proper responses be provided or to deem admitted the requests for admission. *Asea*, 669 F.2d at 1245,

23 1246-47. Nonetheless, generally a court should allow the responding party to amend the requests for

24 admission and only impose the "severe" sanction of deeming admitted requests for admission where the

25 responding party intentionally disregarded its obligations imposed by Rule 36(a). *Asea*, 669 F.2d at 1247.

26

    ————————————

27       [8] In some cases, information known to a co-party to the litigation must be explored. *See A. Farber*

28 *& Partners*, 237 F.R.D. at 254, 256.

1                    <u>1.</u>     <u>Failure to State that a Reasonable Inquiry was Conducted</u>

2          As an initial matter, none of the disputed responses to the requests for admission complies with the

3 literal requirements of Rule 36(a) to "state" that a reasonable inquiry was undertaken.  Defendants' counsel

4 argues that this well-established requirement does not apply to the requests for admission in this case

5 because, rather than refusing to "admit or deny" on the basis of insufficient information, the responses were

6 written so as to "deny" on the basis of insufficient information.  *See* Docket No. 83 at 2; *see also* Docket

7 No. 104-1 at 5.  The Court disagrees.  Rule 36 does not contemplate denials on the basis of insufficient

8 information; instead, it provides that:

9                 The answering party may assert lack of knowledge or information <u>as a reason for failing to</u>
                <u>admit or deny</u> only if the party states that it has made reasonable inquiry and that the

10                 information it knows or can readily obtain is insufficient to enable it to <u>admit or deny</u>."

11 Rule 36(a)(4) (emphasis added); *see also* 8B Wright, Miller, & Marcus, FEDERAL PRACTICE AND

12 PROCEDURE § 2261, at 361 (2010) ("In many instances, a party simply will not know whether the matter

13 it is asked to admit is true.  In that instance it may reply that it cannot truthfully <u>admit or deny</u> the matter,

14 but if it makes this response it is required to set forth in detail the reasons why this is so" (emphasis

15 added)).  When asked at the hearing what Rule or other authority allowed a party to "deny" for lack of

16 sufficient information, counsel was unable to articulate any.  *See* Hearing Tr. at 10:07-10:10.  Indeed, it is

17 hard to understand how an answering party can "truthfully" deny a request for an admission while

18 simultaneously asserting that he lacks sufficient information to respond to it.  In short, an answering party

19 cannot avoid the requirements discussed above by framing his response as a "denial" for lack of sufficient

20 information.

21          As the disputed responses in question fail to state that a reasonable inquiry was made, they violate

22 Rule 36.

23                    <u>2.</u>     <u>Failure to Undertake a Reasonable Inquiry</u>

24          In addition to the above technical violation, Defendant also fails to articulate a basis for the Court

25 to find that a reasonable inquiry was actually undertaken prior to his assertion that he lacked sufficient

26 knowledge to respond to the requests for admission.  In other briefing, Defendants' counsel vaguely

27 asserted that:

28

1
2
3
4

> Defendants paused and considered the reasonableness of their responses and objections before asserting their responses, including the necessity of preserving lawful objections available to them. Furthermore, Defendants considered the scope of the requests, and the relative knowledge of the parties to whom the requests are propounded, and, based upon those considerations, Defendants asserted objections that are not only based on existing law, but were made after reasonable inquiry based on the circumstances relevant to this matter.

5   Docket No. 104-1 at 4. From this statement, it appears that Defendant simply considered the knowledge
6   he already possessed, rather than inquiring whether sufficient information could be acquired through readily
7   obtainable information. Defendant fails to identify any legal authority of any kind that pausing to consider
8   the reasonableness of a response and the knowledge already held constitutes a sufficient inquiry as required
9   by Rule 36. The Court finds that it does not. *Cf. Halpern*, 271 F.R.D. at 193-94 (discussing required
10  inquiry).

11          Moreover, it appears clear that a reasonable inquiry was not undertaken. For example, Defendant
12  asserted a lack of sufficient knowledge as to whether "[t]he statement that Jones allegdly [sic] made on the
13  morning of 3-31-11 in the ESP Phase 2 dining hall was not specifically prohibited by AR 707." *See* Docket
14  No. 97-1 at 2-3. The Court takes judicial notice of the fact that, to the extent Defendant does not already
15  have easy access to it, AR 707 is available publicly online at
16  [www.doc.nv.gov/sites/doc/files/pdf/AR707.pdf](www.doc.nv.gov/sites/doc/files/pdf/AR707.pdf) (last visited December 1, 2014). *See, e.g.*, *Calop Bus. Sys.,*
17  *Inc. v. City of Los Angeles*, 984 F. Supp. 2d 981, 992-993 (C.D. Cal. 2013) (courts make take judicial notice
18  of documents available through government websites). Given that Defendant (1) knew the statement at
19  issue and (2) had ready access to AR 707, it is clear that the information necessary to admit or deny the
20  request for admission was already known or readily obtainable at the time of the initial response. There
21  was no basis for Defendant to respond to this request for admission by asserting a lack of sufficient
22  information. Counsel conceded as much at the oral argument. *See* Hearing Tr. at 10:05-10:07; 10:11
23  (Defendants' counsel asserting that Defendant's improper response was "simply my error").

24
25
26
27
28

9

1                  **3.**     Requests for Admission Using the Term "Opinion"[9]

2       Defendant also denied several requests for admission for lack of sufficient information on the

3 purported basis that the request used the term "opinion" and Defendant cannot know whether Plaintiff's

4 alleged statement was meant as only an expression of opinion rather than as a threat. *See, e.g.*, Docket No.

5 72 at 7-8; Hearing Tr. at 10:20-10:21.[10]  By way of example, Request for Admission 5 sought an admission

6 that "David Lombardo informed you of Jones' opinion. Admit or deny." Docket No. 97-1 at 4.  Similarly,

7 Request for Admission 13 sought an admission that "Jones' 'opinion' as described by Officer David

8 Lombardo, did not cause any inmate riot in the ESP Phase II dining hall on 3-23-11. Admit or deny." *Id.*

9 at 6.  Defendant's contention that he did not need to provide a substantive answer to these requests for

10 admission is not meritorious.  Indeed, Defendants' counsel conceded that the initial response was improper.

11 *See* Hearing Tr. at 10:21-10:22; *see also* Docket No. 72 at 8 (purporting to provide an amended response).

12       As an initial matter, in light of Plaintiff's status as a *pro se* prisoner, Defendant could have

13 reasonably construed the term "opinion" to be a reference to the statement made. *See Manley v. Zimmer*,

14 2014 WL 1576857, *12 (D. Nev. Apr. 17, 2014) ("Because the Plaintiff is a pro se inmate, the court finds

15 it would have been reasonable for Defendant Rowley to interpret 'normally' to also connote 'typical' or

16 'usual'").  It is obvious to the Court that Request for Admission 5 was seeking an admission that Defendant

17 was informed of Plaintiff's statement by David Lombardo and that Request for Admission 13 was seeking

18 an admission that Plaintiff's utterance of that statement did not result in a riot.

19       To the extent Defendant believed the term "opinion" was objectionable, he was still under a duty

20 to provide a substantive response:

21              A party may not avoid responding based on technicalities.  For example, a party who is
22 unable to agree with the exact wording of the request for admission should agree to an alternate wording or stipulation.  When the purpose and significance of a request are
23 reasonably clear, courts do not permit denials based on an overly-technical reading of the request.

24

25

26 [9] This section relates specifically to the use of the term "opinion," but the same analysis applies to other instances in which Defendant quibbles with Plaintiff's word choice.

27

28 [10] The responses to the requests for admission themselves do not provide such an explanation. Rather, the Court has gleaned that argument from the briefing and oral argument on the pending motion.

1    *United States ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 684 (E.D. Cal. 2006) (citations

2    omitted).   Indeed, the Ninth Circuit has held that such epistemological concerns and nitpicking may be

3    cause for qualifying a response, but are not grounds for denying a request for admission.  *See Holmgren*

4    *v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 580 (9th Cir. 1992). "[P]arties should admit to the fullest

5    extent possible, and explain in detail why other portions of the request may not be admitted.  Failure to do

6    so may result in sanctions." *Englund*, 235 F.R.D. at 685 (citing *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933,

7    938 (9th Cir. 1994)); *see also* Rule 36(a)(4) ("A denial must fairly respond to the substance of the matter;

8    and when good faith requires that a party qualify an answer or deny only part of a matter, the answer must

9    specify the part admitted and qualify or deny the rest").

10          It is difficult to credit counsel's assertion (unsupported by declaration) that her client did not feel

11   comfortable admitting, *inter alia*, that Plaintiff's utterance of his "opinion" did not lead to a prison riot.

12   Even crediting that assertion, however, Defendants' counsel provides no explanation as to why he did not

13   respond by admitting that no riot ensued following Defendant's statement, while qualifying his answer by

14   asserting that he could not admit or deny whether Plaintiff was merely expressing an "opinion" or making

15   a threat.  That is the response required by Rule 36 in such circumstances.  Instead, Defendant skirted the

16   Rule by stating without elaboration that he lacked sufficient information "as to all of the allegations

17   contained in this request."

18                          4.    Appropriate Relief

19          As explained above, Defendant's responses to the disputed requests for admission violate Rule 36.

20   Defendant's and Defendants' counsel's conduct has obstructed an orderly discovery process in this case.

21   Plaintiff should have received, on April 21, 2014, proper responses to his requests for admission that he

22   could have used to narrow the issues in dispute and guide his discovery efforts.  Instead, Plaintiff had to

23   file the pending motion and, now that discovery has closed, Defendant has indicated a willingness to amend

24   his responses. *See, e.g.*, Hearing Tr. at 10:11.  As Plaintiff aptly stated at the hearing, Defendant wants a

25   "mulligan" by claiming no prejudice has resulted from his failure to comply with the clear dictates of Rule

26   36. *See* Hearing Tr. at 10:24-10:26.  Given the circumstances, the Court would be within its discretion to

27   reject Defendant's plea and to deem the requests admitted.  Nonetheless, for the reasons stated below, the

28   Court will not do so in this case, and will instead **GRANT** Plaintiff's motion but **ORDER** new responses

to be provided that comply with Rule 36 no later than <u>December 16, 2014</u>.  This order applies to all of the disputed requests for admission, except request for admission 2, for which the Court finds no additional response will be required because it is not sufficiently comprehensible.  Defendant shall provide amended responses to requests for admission 1, 3-6, 11-13, 16, 19, 20, 22-24, and 32.  The Court warns Defendant and his counsel that the Court requires strict compliance with Rule 36 with respect to these responses.  To the extent Defendant continues to assert insufficient knowledge, he must provide a detailed explanation as to why that assertion is being made and must otherwise comply with the requirements of Rule 36.

As noted above, the Court will allow Defendant to amend his responses rather than deem the requests admitted.  The Court does so because it appears that the failure to comply with Rule 36 was the fault of Defendants' counsel, who signed the request for admission responses.  *See* Docket No. 97-1 at 16.  Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner, and requires that a lawyer signing discovery responses make a reasonable effort to properly respond.  *See Green Leaf Nursery v. E.I. DuPont de Nemours & Co.*, 341 F.3d 1292, 1305 (9th Cir. 2003).  For example, a signing attorney must certify that the responses are consistent with the federal rules and warranted by existing law or non-frivolous argument.  *See* Rule 26(g)(1)(B)(i).  When an attorney improperly certifies discovery responses, she is subject to the imposition of "appropriate sanctions."  *See* Rule 26(g)(3).  Such sanctions include, *inter alia*, the imposition of a court fine.  *See, e.g.*, *Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 286-87 (E.D.N.Y. 2009) (affirming $10,000 fine).  In light of the above, the Court hereby **ORDERS** Defendants' counsel to show cause in writing, no later than <u>December 16, 2014</u>, why the Court should not impose upon her a court fine of up to $2,000 and/or order her to attend a continuing legal education course.[11]

Additionally, because the Court is granting Plaintiff's motion, the Court further **ORDERS** Defendant Zimmer and Defendants' counsel to show cause in writing, no later than <u>December 16, 2014</u>,

---

[11] At best, Defendant's responses evidence a lack of familiarity with practice in this Court by Defendants' counsel.  Indeed, Defendants' counsel indicated that her failure to comply with the discovery rules was "just a young attorney's mistake."  *See* Hearing Tr. at 10:11.  In such circumstances, the Court may require counsel to educate herself to avoid similar mistakes in the future.  *See, e.g.*, *Cabrera v. New Albertson's, Inc.*, 2013 U.S. Dist. Lexis 101497, *7 n.5 (D. Nev. July 19, 2013).

why the Court should not award Plaintiff his reasonable expenses in bringing the motion. *See* Rule 37(a)(5)(A); *see also* Rule 36(a)(6) ("Rule 37(a)(5) applies to an award of expenses"). Plaintiff may file a response, and a declaration outlining his costs, no later than <u>December 30, 2014</u>. Any reply from Defendant and Defendants' counsel shall be filed no later than <u>January 7, 2015</u>.

### III.    SECOND MOTION TO DEEM REQUESTS FOR ADMISSIONS ADMITTED (Docket No. 86); ORDER TO SHOW CAUSE

This motion disputes Defendants Bryant's, Arnel's, and Wilson's responses to numerous requests for admission served by Plaintiff. *See* Docket No. 86. In particular, Plaintiff challenges Defendant Bryant's response to requests for admission 9, 11, 19, 24-27, and 33-36; Defendant Arnel's responses to requests for admission 6-7, 11, 17, 20-22, 29, and 32; and Defendant Wilson's responses to requests for admission 2-3, 6, 9, 14, and 21-22. *See* Docket No. 86 at 7. Defendants' responses to these requests for admission are improper for the reasons already stated above with respect to Defendant Zimmer's responses. Accordingly, the motion is hereby **GRANTED** and Defendants Bryant, Arnel and Wilson are hereby **ORDERED** to provide amended responses that comply with Rule 36 no later than <u>December 16, 2014</u>. The Court warns Defendants Bryant, Arnel and Wilson and their counsel that the Court requires strict compliance with Rule 36. To the extent Defendants Bryant, Arnel and Wilson continue to assert insufficient knowledge as to any of the disputed requests for admission, they must provide a detailed explanation as to why that assertion is being made and must otherwise comply with the requirements of Rule 36.

In light of the clear violation of Rule 36 in responding to the requests for admission, the Court hereby **ORDERS** Defendants' counsel to show cause in writing, no later than <u>December 16, 2014</u>, why the Court should not impose upon her a court fine of up to $2,000 and/or order her to attend a continuing legal education course. *See* Rule 26(g)(3).

Because the Court is granting Plaintiff's motion, the Court further **ORDERS** Defendants Bryant, Arnel and Wilson and Defendants' counsel to show cause in writing, no later than <u>December 16, 2014</u>, why the Court should not award Plaintiff his reasonable expenses in bringing the motion. *See* Rule 37(a)(5)(A); *see also* Rule 36(a)(6). Plaintiff may file a response, and a declaration outlining his costs, no later than

1 | December 30, 2014.  Any reply from Defendant  Bryant, Arnel and Wilson and Defendants' counsel shall

2 | be filed no later than January 7, 2015.

3 | **IV.     MOTION FOR SANCTIONS (Docket No. 117)**; **ORDER TO SHOW CAUSE**

4 | In or about February 2014, Plaintiff served a request for production on Defendants Bryant, Zimmer,

5 | Arnel, and Wilson seeking "[a] copy of the investigative report generated by the inspector general's office

6 | in relation to the excessive use of force charge against B. Wilson." *See* Docket No. 53 at 18 (Request for

7 | Production 14).[12]  On March 4, 2014, Defendants responded to that discovery request by indicating that

8 | "[t]here are no documents that respond to this request." *See id.*  Believing that this assertion was

9 | inconsistent with other evidence, Plaintiff sent Defendants' counsel a meet-and-confer letter outlining his

10 | concerns and he eventually filed a motion to compel. *See, e.g.*, *id.* at 1-2, 9-10.  Defendants' response to

11 | the motion to compel was due no later than May 5, 2014, but they failed to timely oppose the motion.  This

12 | prompted the issuance of an order to show cause why the motion should not be deemed unopposed.  *See*

13 | Docket No. 60.  The Court further ordered that the response to the order to show cause must include any

14 | and all arguments on the merits that Defendants wished to present in opposition to the motion to compel.

15 | *See id.*

16 | Defendants' arguments in response to the order to show cause and the motion to compel were

17 | largely nonsensical, asserting that counsel believed amended responses had been filed with the Court,

18 | discussing case law only with respect to requests for admission, and failing to meaningfully address the

19 | response to Request for Production 14. *See* Docket No. 63 at 2.  An attachment to that brief also appeared

20 | to indicate that a supplemental production had been made serving a responsive document. *See* Docket No.

21 | 63-1 at 2-3.  Although the Court determined that it was in the interest of justice to consider the untimely

22 | opposition brief, it granted the motion to compel as to Request for Production 14. *See* Docket No. 101 at

23 | 1 n.1, 3.  In particular, the Court concluded that Defendants failed to carry their burden of showing either

24 | that the discovery had been produced or that such discovery is not allowed. *See id.* at 3.  The Court ordered

---

27 | [12] Plaintiff's motion for sanctions also requested Court action related to its order compelling

28 | production of documents related to Request for Production 28.  *See* Docket No. 117 at 1.  At the oral argument on this motion, Plaintiff withdrew that portion of his motion.  *See* Hearing Tr. at 10:36.

1    that "Defendants shall provide [a] supplemental response[] to Request[] for Production 14 . . . within 14

2    days of the issuance of this order." *Id.* at 5.  That order issued on July 28, 2014.  *See id.*

3         On August 11, 2014, Defendants provided another supplemental response indicating that they had

4    now located the Inspector General's report.  *See* Docket No. 117 at 15.[13]  Even though the Court had

5    granted the motion to compel, however, Defendants did not provide a copy to Plaintiff.  Instead, they

6    objected for the first time on the ground that the report was "confidential and must not be disclosed"

7    pursuant to N.R.S. 289.050(6).  *See id.*  In a puzzling maneuver contrary to that objection, Defendants

8    indicated that Plaintiff nonetheless would be allowed to view the document in the warden's office.  *See id.*

9         Plaintiff was not satisfied with this response and filed the instant motion for sanctions, indicating

10   that, *inter alia*, any such confidentiality objection was untimely and had been waived.  *See* Docket No. 117

11   at 4-5.  Plaintiff also noted that Defendants' assertion of a privilege to maintain the confidentiality of

12   information in the report was nonsensical given that they were simultaneously allowing him to review it.

13   *See id.* at 6-7.  Plaintiff further argued that he was prejudiced by not having a copy of the report because

14   that would inhibit his ability to use the information in conjunction with motion practice and trial.  *See*

15   Docket No. 123 at 9; *see also* Hearing Tr. at 10:39-10:40.

16        Defendants' response to the motion for sanctions appeared to argue without citation that privilege

17   objections need not be made when initially responding to discovery requests, but only when ordered to

18   produce the document at issue.  *See* Docket No. 118 at 3-4 ("privilege simply requests [sic] that you make

19   the claim and withhold the access; it is not tied to a timeline as Plaintiff asserts").  Defendants then asserted

20   for the first time that they "essentially" were raising an objection of "official information privilege."  *See*

21   *id.* at 4 (citing *inter alia Kerr v. U.S. Dist. Ct.*, 511 F.2d 192, 198 (9th Cir. 1975)).  Nonetheless, Defendants

22   failed to provide even the basic factual information needed to address such an objection.  *See Sanchez v.*

23   *City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990) (the Court must weigh the potential benefits of

24   disclosure against the potential disadvantages).  Defendants also failed to address the case law indicating

25   that such an objection must be made in initially responding to the discovery request.  *See, e.g., Kelly v. City*

26

---

27   [13] At the hearing, Defendants' counsel indicated that the Inspector General's report was not found
     initially because it was not linked in relation to the underlying incident, but rather to a subsequent grievance.
28   *See* Hearing Tr. at 10:41.

1    *of San Jose*, 114 F.R.D. 653, 669 (N.D. Cal. 1987) ("A party that receives a discovery request that would

2    reach material that it believes is covered by the official information privilege must, within the time

3    permitted by rule to respond or object, serve and file an objection that invokes the official information

4    privilege by name."); *see also Manley v. Zimmer*, 2013 WL 5592328, *15 (D. Nev. Oct. 9, 2013) ("a

5    defendant asserting the official information privilege in a conditions of confinement case brought pursuant

6    to section 1983 should be required to invoke the privilege in its responses to discovery").  Defendants then

7    argued additionally that the information was confidential pursuant to N.R.S. 289.050(6), but failed to

8    meaningfully develop that argument, provide any case law applying that provision, or explain how they

9    were complying with that non-disclosure provision by allowing Plaintiff to review the report in the

10    warden's office.  *See* Docket No. 118 at 4.  Defendants' briefing raised more questions than answers.

11    At oral argument, Defendants' counsel did not offer meaningful argument in support of her

12    objections.  Instead, she asserted that there was no prejudice to Plaintiff because the report had been

13    delivered in its entirety to the law library the day before the hearing (*i.e.*, more than seven months after it

14    was requested) and that Plaintiff could possess that copy.  *See* Hearing Tr. at 10:42-10:44.  Defendants'

15    counsel asserted that the Inspector General's Office had agreed to waive any confidentiality objection.  *See*

16    *id.*[14]  No explanation was provided as to why that confidentiality waiver was not obtained prior to serving

17    Plaintiff with the supplemental response to Request for Production 14, prior to Plaintiff preparing and filing

18    his motion for sanctions, or prior to the Court expending its resources reviewing a fully-briefed motion and

19    preparing for the subsequent hearing.  Nor was any explanation provided as to why Defendants' counsel

20    was raising a privilege objection in the first place when the Inspector General's Office apparently does not

21    believe that such an objection is proper.  Instead, Defendants candidly acknowledged in their briefing that

22    they "are simply trying to keep Plaintiff from using confidential witness testimony during future unrelated

23    litigations."  *See* Docket No. 118 at 4.

24    In short, the situation now before the Court is a seven-month odyssey undertaken by Plaintiff to

25    obtain the Inspector General's report.  That journey included Plaintiff filing multiple motions, the Court

26

27

28

---

[14] As Plaintiff clarified at the hearing, the report was provided by the Inspector General's Office to Plaintiff through a separate subpoena that he had served seeking the report. *See* Hearing Tr. at 10:43-10:44.

expending its resources on multiple occasions, and the ultimate production of the disputed report from the Inspector General's Office through a separate subpoena on the eve of the hearing on the motion for sanctions. This is not how discovery is meant to be conducted. *See Asea*, 669 F.2d at 1246 ("The discovery process is subject to the overriding limitation of good faith").

It is clear to the Court that some sanction is appropriate. Plaintiff's motion for sanctions does not clearly articulate the sanctions he seeks regarding Defendants' failure to comply with the Court's order to produce the Inspector General's report. As an initial matter, Rule 37(b) provides that the Court must award reasonable expenses caused by the failure to comply with the Court's order absent a showing of substantial justification or other circumstances making such an award unjust. Rule 37(b)(2)(C). Defendants and Defendants' counsel are hereby **ORDERED** to show cause in writing, no later than <u>December 16, 2014</u>, why the Court should not award Plaintiff his reasonable expenses in bringing the pending motion. Plaintiff may file a response, and a declaration outlining his costs, no later than <u>December 30, 2014</u>. Any reply from Defendants and Defendants' counsel shall be filed no later than <u>January 7, 2015</u>.

It appears that the imposition of costs alone may not be sufficient in light of the circumstances discussed above. Rule 37 also allows for the issuance of any other "just orders." *See* Rule 37(b)(2)(A). Although not expressly enumerated in the text of the rule, court fines are among the tools available to remedy the harms of discovery violations. *See, e.g., Maynard v. Nygren*, 332 F.3d 462, 470 (7th Cir. 2003). Accordingly, Defendants and Defendants' counsel are hereby **ORDERED** to show cause in writing, no later than <u>December 16, 2014</u>, why they should not be sanctioned a court fine of up to $2,000. That response shall also identify whether any such fine should be imposed on Defendants' counsel, Defendants, or both jointly.

## V.     MOTION REGARDING DISPUTED INTERROGATORIES

In his reply brief submitted in support of his motion to extend discovery, Plaintiff outlined a dispute regarding interrogatories propounded collectively on Defendants Zimmer, Bryant, Arnel and Wilson. *See, e.g.*, Docket No. 79 at 2. The Court then issued an order requiring the parties to address, *inter alia*, whether the Court should construe that filing as a motion for leave to file a motion compel and, if so, whether the Court should deem the motion to compel filed based on the arguments presented. *See* Docket No. 94

(citing *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013)).  Defendants do not dispute that it is proper for the Court to do so.  *See* Docket No. 105-1 at 3.

While the Court construes the reply brief as including a motion to compel, it hereby **DENIES** that motion without prejudice.  The primary relief sought by Plaintiff in his reply brief is additional time to "restructure and resubmit Rule 33 requests as to Defendants Bryant, Arnel and Wilson."  Docket No. 79 at 9-10.  As discussed more fully below, the Court is granting Plaintiff's motion to extend the discovery period.  Hence, he will already be provided the relief sought through resolution of that motion.  To the extent Plaintiff propounds these interrogatories and disputes remain, the parties should fully cooperate and attempt to resolve any such disputes prior to seeking Court intervention.

## VI.     MOTION TO EXTEND DISCOVERY DEADLINES

Plaintiff has also moved to extend the discovery deadlines in this case.  *See* Docket No. 62.  Plaintiff asserts that he seeks an extension of the discovery period by indicating that he intends to pursue "follow-up" discovery based on the additional discovery received.  *See* Docket No. 62 at 3.  In light of the circumstances outlined above, the Court finds that such an extension is proper.  The Court hereby **GRANTS** the motion to extend and **AMENDS** the scheduling order as follows:

1.  Any discovery motions shall be filed and served no later than **January 30, 2015**.

2.  **DISCOVERY:** Pursuant to LR 16-1(b), discovery in this action shall be completed on or before **February 9, 2015.**

3.  Motions for summary judgment shall comply with the requirements of LR 56-1 and shall be filed and served no later than **March 11, 2015.**

4.  Any motion filed beyond the time limit fixed by this Scheduling Order shall be stricken, unless filed with leave of Court.

5.  **EXTENSIONS:** Pursuant to LR 26-4, an extension of a deadline set out herein will not be allowed without a showing of good cause. All motions or stipulations to extend any deadline set herein must be received by the Court at least **twenty-one days** prior to the expiration of the subject deadline(s). **Any request to extend filed less than 21 days prior to the expiration of the subject deadline must be supported by a showing of excusable neglect, in addition to good cause.** All motions or stipulations to extend discovery deadlines shall include:

(a) A statement specifying the discovery completed by the parties of the date of the

motion or stipulation;

(b) A specific description of the discovery which remains to be completed;

(c) The reasons why such remaining discovery was not completed within the time limit

of the existing discovery deadline; and

(d) A proposed schedule for the completion of all remaining discovery.

6.  In the event that the Federal Rules of Civil Procedure provide for any shorter time periods for the filing of motions or pleadings, said shorter time limits shall apply notwithstanding the time limits set forth in this Scheduling Order. Pursuant to the authority given to the Court in Fed. R. Civ. P. 16(b), motions for summary judgment under Fed. R. Civ. P. 56 must be filed no later than the time provided in paragraph 3 of this Order.

7.  **PRETRIAL:** Pursuant to LR 16-3(a), the Clerk shall issue a Pretrial Notice Order five days past the date for filing motions for summary judgment or all motions for summary judgment are denied, whichever is later.

8. In all cases where a party or counsel is required to effect service hereunder, a certificate of such service shall be filed forthwith with the Clerk of the Court.

**VII.   ADDITIONAL ORDER TO SHOW CAUSE**

In addition to the above, there are several statements made by Defendants' counsel that the Court believes warrant further explanation.  As an initial matter, the Court notes that it has previously cautioned Defendants' counsel that "the Court expects strict compliance with the Local Rules in the future."  *See* Docket No. 101 at1 n.1.  The Court has also cautioned that it "expects Defendants' counsel to undertake reasonable diligence in submitting motions to the Court."  *See* Docket No. 98 at 2 n.1.  Despite such warnings, Defendants' counsel has continued to file papers with the Court that may go beyond being unpersuasive and into the realm of sanctionable conduct.  This order to show cause relates to two misrepresentations.

First, Defendants' counsel represented to the Court that "the Nevada Office of the Attorney General currently has approximately 30 unresolved cases with 'parties' named 'Christopher A. Jones.'" Docket No. 105-1 at 4. Defendants' counsel then provided a list of those cases in a footnote.  *See id.* at 4 n.1.

1   Defendants' counsel then relied on that assertion in arguing that objections to interrogatories should not

2   be deemed waived because the interrogatories were misplaced given all of those active cases.  *See id.* at 5.

3   Plaintiff's response asserts that there are actually only five active cases.  *See* Docket No. 116 at 5.[15]   The

4   Court's preliminary review of the listed "unresolved" cases confirms that Defendants' counsel's

5   representation to the Court is plainly incorrect.  Indeed, some of the listed cases have been closed for more

6   than a decade.  *See Jones v. Lopez*, Case No. 01-17062 (9th Cir.) (mandate issued on July 8, 2003 (Docket

7   No. 55)); *Jones v. Cross*, Case No. 3:98-cv-00316 (D. Nev.) (dismissal entered June 30, 2003 (Docket No.

8   304)).

9        Second, Defendants' counsel argued that a party cannot obtain an order that requests be deemed

10   admitted so long as the responding party provided *any* response to the requests for admission.  *See* Docket

11   No. 83 at 2 ("The plain language of the Rule thus provides that a matter is deemed admitted **unless** it is

12   responded to.  Of course, as is obvious from Plaintiff's motion in which he quotes Defendants' responses,

13   Defendants responded to Plaintiff's requests. While Plaintiff may wish to dispute the adequacy of

14   Defendants' responses, he cannot dispute that Defendants did in fact respond, <u>which renders unavailable

15   the remedy of having his requests deemed admitted</u>." (bolding in original, underlying added)); *see also*

16   Docket No. 72 at 3*,* Docket No. 104-1 at 4.  As explained more fully in Section II.A, Defendants' counsel's

17   argument is directly contrary to the language of Rule 36(a)(6) and controlling Ninth Circuit authority (*see*

18   *Asea, Inc. v. S. Pacific. Transp. Co.*, 669 F.2d 1242, 1245-47 (9th Cir. 1981)).[16]

19        This Court has authority to issue sanctions based on legal and factual misrepresentations made to

20   the Court pursuant to Rule 11 and the Court's inherent authority.  *See, e.g.*, Rule 11(b)-(c); *B.K.B. v. Maui*

21   *Police Dept.*, 276 F.3d 1091, 1107-08 (9th Cir. 2002).  In light of the above, Defendants' counsel is hereby

22   **ORDERED** to show cause in writing, no later than <u>December 16, 2014</u>, why she should not be sanctioned

23

24

25

26   [15] Of those five cases, two are pending in the Ninth Circuit and one seeks habeas relief.  *See id.*  As such, there appear to be only two prisoner civil rights cases pending in this Court.

27

28   [16] This authority was cited by Plaintiff in his meet-and-confer letter and briefing.  *See, e.g.*, Docket No. 57 at 7-8; Docket No. 57-1 at 24.

a court fine of up to $2,000 for each misrepresentation identified above.[17]  Plaintiff shall not make any filing in response to this order to show cause unless the Court later orders that he may do so.

## VIII.   CONCLUSION

For the reasons discussed more fully above, the pending motions filed by Plaintiff are hereby **GRANTED** and Defendants and Defendants' counsel are hereby **ORDERED** to show cause.   To summarize, the Court orders as follows:

### 1) Docket No. 57

- Plaintiff's motion to deem requests for admissions admitted, or in the alternative, compel substantial responses (Docket No. 57) is hereby **GRANTED**.  The Court will not deem the requests for admissions admitted, but Defendant Zimmer must provide proper responses to all disputed requests for admission (except request for admission 2) no later than <u>December 16, 2014</u>.

- In conjunction with the Court's resolution of Plaintiff's motion at Docket No. 57, the Court further **ORDERS** Defendants' counsel to show cause in writing, no later than <u>December 16, 2014</u>, why the Court should not impose upon her a court fine of up to $2,000 and/or order her to attend a continuing legal education course pursuant to Rule 26(g).

- In conjunction with the Court's resolution of Plaintiff's motion at Docket No. 57, the Court further **ORDERS** Defendant Zimmer and Defendants' counsel to show cause in writing, no later than <u>December 16, 2014</u>, why the Court should not award Plaintiff his reasonable expenses in bringing the motion.  Plaintiff may file a response, and a declaration outlining his costs, no later than <u>December 30, 2014</u>.  Any reply from Defendant Zimmer and Defendants' counsel shall be filed no later than <u>January 7, 2015</u>.

### 2) Docket No. 86

- Plaintiff's motion to deem requests for admissions admitted, or in the alternative, compel substantial responses (Docket No. 86) is hereby **GRANTED**.  The Court will not deem the

---

[17]All potential court fines outlined throughout this order are independent and cumulative.

requests for admissions admitted, but Defendants Bryant, Arnel, and Wilson must provide proper responses to all disputed requests for admission no later than <u>December 16, 2014</u>.

- In conjunction with the Court's resolution of Plaintiff's motion at Docket No. 86, the Court further **ORDERS** Defendants' counsel to show cause in writing, no later than <u>December 16, 2014</u>, why the Court should not impose upon her a court fine of up to $2,000 and/or order her to attend a continuing legal education course pursuant to Rule 26(g).

- In conjunction with the Court's resolution of Plaintiff's motion at Docket No. 86, the Court further **ORDERS** Defendants' counsel and Defendants Bryant, Arnel, and Wilson to show cause in writing, no later than <u>December 16, 2014</u>, why the Court should not award Plaintiff his reasonable expenses in bringing the motion.  Plaintiff may file a response, and a declaration outlining his costs, no later than <u>December 30, 2014</u>.   Any reply from Defendants and Defendants' counsel shall be filed no later than <u>January 7, 2015</u>.

**3) Docket No. 117**

- Plaintiff's motion for sanctions (Docket No. 117) is hereby **GRANTED**.  Defendants and Defendants' counsel are hereby **ORDERED** to show cause in writing, no later than <u>December 16, 2014</u>, why the Court should not award Plaintiff his reasonable expenses in bringing the motion.  Plaintiff may file a response, and a declaration outlining his costs, no later than <u>December 30, 2014</u>.  Any reply from Defendants and Defendants' counsel shall be filed no later than <u>January 7, 2015</u>.

- In addition, Defendants and Defendants' counsel are hereby **ORDERED** to show cause in writing, no later than <u>December 16, 2014</u>, why they should not be sanctioned a court fine of up to $2,000.  That response shall also identify whether any such fine should be imposed on Defendants' counsel, Defendants, or both jointly.

**4) Docket No. 79**

- The Court hereby deems Plaintiff's reply brief as a motion to compel (Docket No. 79) and the motion is hereby **DENIED** without prejudice.

**5) Docket No. 62**

•       Plaintiff's motion to extend discovery deadlines is **GRANTED** and the scheduling order is hereby amended to reflect the continued deadlines outlined above in Section VI.

**6) Additional Order to Show Cause**

•       Defendants' counsel is hereby **ORDERED** to show cause in writing, no later than December 16, 2014, why she should not be sanctioned a court fine of up to $2,000 for each misrepresentation identified above in Section VII.  Plaintiff shall not make any filing in response to this order to show cause unless the Court later orders that he may do so.

IT IS SO ORDERED.

DATED: December 2, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge