UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER A. JONES, ) | |
| ) | Case No. 2:12-cv-01578-JAD-NJK |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | ORDER RE: ORDERS TO SHOW CAUSE |
| ) | |
| ALAN ZIMMER, et al., ) | |
| ) | |
| Defendant(s). ) | |

On December 2, 2014, the Court granted numerous discovery-related motions filed by Plaintiff. Docket No. 133. The Court also issued numerous orders to show cause. First, the Court ordered Defendants and Defendants' counsel to show cause why they should not pay Plaintiff's reasonable expenses incurred in bringing his motions regarding Defendants' responses to his requests for admission. *See* Docket No. 133 at 12-13, 13-14 (citing Rules 37(a)(5)(A) and 36(a)(6)).[1] Second, the Court ordered Defendants and Defendants' counsel to show cause why they should not pay Plaintiff's reasonable expenses caused by the failure to comply with a Court order. *See* Docket No. 133 at 17 (citing Rule 37(b)(2)(C)). Third, the Court ordered Defendants' counsel to show cause why she should not be sanctioned for improperly certifying discovery responses. *See* Docket No. 133 at 12, 13 (citing Rule 26(g)(3)). Fourth, the Court ordered Defendants' and Defendants' counsel to show cause why they should not be sanctioned for disobeying a court order. *See* Docket No. 133 at 17 (citing Rule 37(b)(2)(C)). Fifth, the Court ordered

---

[1] References herein to "Rules" refer to the Federal Rules of Civil Procedure.

Defendants' counsel to show cause why she should sanctioned for factual and legal misrepresentations made in court filings. *See* Docket No. 133 at 19-21 (citing Rule 11 and the Court's inherent authority).

The Court received a response to those orders to show cause, as well as a filing from Plaintiff regarding his reasonable expenses and a response thereto. *See* Docket Nos. 133, 138, 140.

### I.   ORDERS TO SHOW CAUSE REGARDING REASONABLE EXPENSES

The Court begins with the orders to show cause why Plaintiff should not be awarded reasonable expenses in relation to his two motions challenging Defendants' responses to his requests for admission and in relation to Defendants' non-compliance with a court order. When a court grants a motion challenging the sufficiency of an answer or objection to a request for admission, it must award the movant's reasonable expenses unless the movant failed to confer in good faith prior to filing his motion, the non-movant's contentions were substantially justified, or awarding expenses would be unjust. *See* Rule 37(a)(5)(A); *see also* Rule 36(a)(6) ("Rule 37(a)(5) applies to an award of expenses"). Similarly, when a party fails to comply with a court's discovery order, the court must award the movant's reasonable expenses unless the failure to comply was substantially justified or awarding expenses would be unjust. Rule 37(b)(2)(C).[2] A substantial justification exists under the rules when reasonable minds could differ as to the appropriateness of the contested conduct. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "The burden is on the losing party to affirmatively demonstrate that its discovery conduct was substantially justified." *Aevoe Corp. v. AE Tech Co.*, 2013 WL 5324787, *2 (D. Nev. Sept. 20, 2013) (quoting *American Gen. Life Ins. Co. v. Futrell*, 2012 WL 4962997, *1 (D. Nev. Oct. 16, 2012)).

Rather than establish substantial justification or unjust circumstances, Defendants and their counsel do not dispute that an award of reasonable expenses is proper. *See* Docket No. 140 at 2. Accordingly, the Court turns to the amount of expenses to be awarded. Plaintiff indicates that his expenses total $37.64. *See* Docket No. 138 at 5-6. Defendants dispute Plaintiff's articulation of expenses, arguing that some of the expenses related to participating in discovery that are unrelated to the conduct currently at issue. *See*

---

[2] The Court may order that these reasonable expenses be paid by counsel, a party, or both. *See* Rule 37(a)(5)(A); Rule 37(b)(2)(C). Having reviewed the record, the Court finds that the expenses should be paid by counsel. *See, e.g.*, Docket No. 133 at 12.

Docket No. 140 at 3. Defendants also argue that some of the expenses identified do not specify on what matters they were incurred. *See id.* (discussing expenses for copying and legal supplies).

It does appear that at least some of the expenses claimed may not have been incurred in relation to the relevant motions or as a result of Defendants' non-compliance with a court order. Rather than attempt to determine reasonable expenses based on the record before it, the Court strongly suggests that Plaintiff and Defendants' new counsel (see below) confer on an appropriate amount to be awarded.[3] To the extent they cannot resolve that issue among themselves, Plaintiff shall file a new declaration outlining his expenses no later than March 4, 2015. Plaintiff is hereby instructed that the relevant expenses are those incurred in bringing his motions challenging Defendants' responses to his requests for admission. *See* Rule 37(a)(5)(A). Relevant expenses are also those expenses incurred as a result of Defendants' failure to comply with the Court's order to compel (Docket No. 101), including expenses incurred in bringing the motion for sanctions. *See* Rule 37(b)(2)(C). A response to that filing must be made no later than March 11, 2015.

## II. ADDITIONAL ORDERS TO SHOW CAUSE

Having resolved the orders to show cause related to the payment of Plaintiff's reasonable expenses, the Court turns to the orders to show cause why sanctions should not be imposed on pursuant to Rule 26(g), Rule 37(b)(2)(C), Rule 11 and the Court's inherent authority. These orders to show cause focused largely on whether a court fine should be imposed on Defendants' counsel. The Court has now received a notice in another case that "[t]he Deputy Attorney General previously assigned as counsel for Defendants, Kali Fox Miller, is no longer employed by the Office of the Attorney General, effective . . . January 29, 2015." *See Woods v. Brown*, Case No. 2:13-cv-1029-APG-NJK (Docket No. 51). Defendants' counsel's conduct in participating in discovery and filing court papers has fallen below the level expected by the Court. Nonetheless, given that counsel is no longer employed as a Deputy Attorney General, the Court will **DISCHARGE** the remaining orders to show cause in their entirety. To the extent Defendants' counsel

---

[3] Plaintiff asks the Court to multiply the amount of expenses incurred by the number of months it took for Defendants to produce the Inspector General's report (*i.e.*, by seven). *See* Docket No. 138 at 2-4. While the Court understands Plaintiff's frustration, the Court will limit expenses to those actually "incurred" per the applicable rules.

continues to practice in this Court, the Court **ADMONISHES** her for the issues identified in the orders to show cause and **CAUTIONS** her that similar conduct in the future may lead to the imposition of significant monetary sanctions.

      IT IS SO ORDERED.

      DATED: February 2, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge