1

2

3

4

5

6

7

8

9

10

11

12

13

14

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHRISTOPHER A. JONES,                               )
                                                    )          Case No. 2:12-cv-01578-JAD-NJK
                    Plaintiff(s),                   )
                                                    )          ORDER DENYING MOTION FOR
v.                                                  )          DEFAULT JUDGMENT
                                                    )
ALAN ZIMMER, et al.,                                )          (Docket No. 157)
                                                    )
                    Defendant(s).                   )
                                                    )

15         Pending before the Court is Plaintiff's motion for entry of default judgment against Defendant

16    Cheryl Burson.  Docket No. 157.  In this case, a default was entered as to Defendant Burson.  Docket

17    No. 39.  Once default has been entered, the plaintiff may apply to the Court for entry of default judgment

18    pursuant to Federal Rule of Civil Procedure 55(b)(2).  The choice whether a default judgment should

19    be entered is at the sole discretion of the district court.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th

20    Cir. 1980).

21         A defendant's default alone does not entitle a plaintiff to a court-ordered judgment.  *See id.*

22    Instead, the Ninth Circuit has determined that a court should look at seven discretionary factors before

23    rendering a decision on default judgment.  *See Eitel v. McCoo*l, 782 F.2d 1470,1471-72 (9th Cir. 1986).

24    These factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive

25    claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility

26    of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the

27    strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Id.*  In

28    applying these *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount

of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Plaintiff's pending motion fails to address the *Eitel* factors.

In addition, the plaintiff seeking default judgment has the burden of "proving up" his damages. *See, e.g.*, *Dolphin v. Ruiz*, 2008 WL 4552940, *1 (C.D. Cal. Oct. 9, 2008). Generally speaking, such damages are proven up through the submission of evidence through a declaration or through an evidentiary hearing. *See id.* Punitive damages are never awarded as of right, but rather require a showing that the defendant's conduct was motivated by evil motive or intent, or when it involves reckless or callous indifference to the federal protected rights of others. *See id.* (discussing *Smith v. Wade*, 461 U.S. 30 (1983)). Plaintiff's pending motion seeks $2,000 in damages, but fails to identify the nature of the damages sought (*e.g.*, compensatory and/or punitive) or the precise injury that Plaintiff asserts was incurred as result of Defendant Burson's conduct. Plaintiff's pending motion further fails to include evidentiary support for the damages sought.

Accordingly, the pending motion for entry of default judgment against Defendant Burson is hereby **DENIED** without prejudice. Any renewed motion for entry of default judgment shall address the *Eitel* factors outlined above, clearly identify the damages sought and the injury incurred, and shall include evidentiary support for the damages sought.[1]

IT IS SO ORDERED.

DATED: June 1, 2015

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The Court may order that an evidentiary hearing or other further proceedings be conducted. That determination will be made after reviewing any renewed motion.