UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER A. JONES,           )<br>                                 )<br>            Plaintiff(s),       )<br>                                 )<br>v.                               )<br>                                 )<br>ALAN ZIMMER, et al.,             )<br>                                 )<br>            Defendant(s).        )<br>_____) | Case No. 2:12-cv-01578-JAD-NJK<br><br>ORDER |

      Pending before the Court is Plaintiff's renewed motion for entry of default judgment against Defendant Cheryl Burson. Docket No. 170. The Court denied Plaintiff's initial motion for default judgment so that (1) he could address the various discretionary factors identified in *Eitel v. McCool*, 782 F.2d 1470,1471-72 (9th Cir. 1986), and (2) he could explain and substantiate his damages against Defendant Burson. *See* Docket No. 168. The Court needs no further submission at this time from Plaintiff regarding the *Eitel* factors. The Court does, however, need further briefing and support from Plaintiff regarding the damages he is seeking. Plaintiff shall make this supplemental filing in accordance with the below instructions no later than August 28, 2015.

      As noted previously, the plaintiff seeking default judgment has the burden of "proving up" his damages. *See, e.g.*, *Dolphin v. Ruiz*, 2008 WL 4552940, *3 (C.D. Cal. Oct. 9, 2008). Generally speaking, such damages are proven up through the submission of evidence through a declaration or through an evidentiary hearing. *See id.* Punitive damages are never awarded as of right, but rather require a showing that the defendant's conduct was motivated by evil motive or intent, or when it

involves reckless or callous indifference to the federal protected rights of others. *See id.* (discussing *Smith v. Wade*, 461 U.S. 30 (1983)). Generally speaking, punitive damages cannot be awarded simply on the basis of pleadings and instead can only be awarded based on "an evidentiary showing." *See, e.g., Hauge v. Adriatic Ins. Co.*, 2013 WL 5587365, *2 (E.D. Cal. Oct. 10, 2013).

Plaintiff stated a claim against Defendant Burson in Count V. United States District Judge James C. Mahan summarized that count as follows:

> Plaintiff alleges that defendant Arnel retaliated against him because plaintiff previously filed an inmate grievance against him. Plaintiff alleges that on March 5, 2012, he filed an inmate grievance against defendant Arnel for his actions in the prison library. Plaintiff alleges that after defendant Arnel became aware of the grievance that plaintiff had filed against him, defendant Arnel then retaliated against plaintiff by filing a false notice of disciplinary charges against him on March 8, 2012. Plaintiff alleges that defendant warden Burson condoned and approved of defendant Arnel's retaliatory filing of disciplinary charges against plaintiff.

Docket No. 16 at 9 (internal citations omitted). Plaintiff alleges that as a result of that conduct, he was subsequently found guilty of the charge and is harmed by the fact that the guilty finding remains part of his record. *See* Docket No. 8 at 35. Plaintiff's renewed default judgment provides two alternative formulations of damages, each of which is discussed below.

In his renewed motion for default judgment, Plaintiff primarily seeks $1,000 in compensatory damages, $1,000 in punitive damages, and $1 in nominal damages against Defendant Burson. *See* Docket No. 170 at 6. This request for damages is problematic for several reasons. First, Plaintiff appears to tether his damages request to the injuries allegedly suffered at the hands of Defendant Wilson. *See* Docket No. 170 at 5. While Plaintiff asserts that the conduct of Defendant Burson proximately caused the later conduct of Defendant Wilson, the undersigned fails to discern how the two events are related based on the pending motion, let alone how Defendant Burson is a proximate cause of Defendant Wilson's alleged actions. Second, and relatedly, the Court is unclear how the compensatory damages sought can be awarded consistent with the Prisoner Litigation Reform Act, which provides in relevant part that "[n]o Federal civil action may be brought by a prisoner confined . . . for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Other than the attempt to recover damages from Defendant Burson for the physical injury allegedly inflicted by Defendant Wilson, Plaintiff has failed to explain a basis for compensatory damages other

than mental and emotional injury. Third, Plaintiff has failed to develop an evidentiary record establishing that Defendant Burson engaged in such egregious conduct that punitive damages are appropriate. Nor has Plaintiff explained how he could develop such a record through other means, such as an evidentiary hearing.

Accordingly, as to Plaintiff's attempt to recover $1,000 in compensatory damages, $1,000 in punitive damages, and $1 in nominal damages against Defendant Burson, he has: (1) failed to adequately show a sufficient connection between Defendant Burson's alleged conduct and any physical injury allegedly inflicted by Defendant Wilson; (2) failed to clearly describe the nature of his compensatory damages claim or how he can recover them if they are based on mental or emotional injury; and (3) failed to provide an evidentiary record on which the Court could base an award of punitive damages.

Plaintiff alternatively seeks $1 in nominal damages and $2,000 in punitive damages. *See* Docket No. 170 at 6. This request is also problematic. First, as indicated above, Plaintiff has failed to provide an evidentiary record on which the Court could base an award of punitive damages. Second, Plaintiff has failed to provide a basis for arriving at a requested $2,000 punitive damages award. Any punitive damages award must comport with the principles of due process, which prohibit the awarding of excessive punitive damages awards. *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996). When assessing the amount to award in punitive damages in a case in which nominal damages have been awarded, the Court considers the following two factors: (1) the degree of reprehensibility of the defendant's conduct; and (2) the difference between the punitive damages award and the civil penalties authorized or imposed in comparable cases. *See id.* at 574-75; *see also Arizona v. ASARCO LLC*, 773 F.3d 1050, 1058 (9th Cir. 2014) (en banc) (holding that, in cases in which only nominal damages are awarded, courts should not apply the additional *Gore* factor concerning ratio between the harm suffered and the punitive damages awarded). Plaintiff has failed to explain how the $2,000 punitive damages award sought is proper in light of these considerations.

//
//
//
//

3

Accordingly, the Court hereby **ORDERS** Plaintiff to supplement his renewed motion for entry of default judgment addressing the concerns outlined above with respect to damages. That supplemental filing should include any additional evidentiary basis that Plaintiff wishes to present and explain with particularity any additional evidence that Plaintiff would seek to admit through an evidentiary hearing. Plaintiff shall make this supplemental filing no later than August 28, 2015.

IT IS SO ORDERED.

DATED: July 30, 2015

_____
Nancy J. Koppe
United States Magistrate Judge