UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER A. JONES,                   )<br>                                                             )<br>                    Plaintiff(s),              )<br>                                                             )<br>v.                                                        )<br>                                                             )<br>ALAN ZIMMER, et al.,                     )<br>                                                             )<br>                    Defendant(s).           )<br>_____)  | Case No. 2:12-cv-01578-JAD-NJK<br><br>REPORT AND RECOMMENDATION<br><br>(Docket No. 170) |

Pending before the Court is Plaintiff's renewed motion for entry of default judgment against Defendant Cheryl Burson. Docket No. 170. Pursuant to the Court's order, Plaintiff also submitted a supplement regarding his request for damages. Docket No. 172. The undersigned finds the motion properly decided without a hearing. *See* Local Rule 78-2. For the reasons discussed below, the undersigned **RECOMMENDS** that Plaintiff be granted default judgment in the amount of one dollar.

I.     **BACKGROUND**

On March 5, 2012, Plaintiff was in the law library talking with another inmate. *See* Docket No. 8 at 23.[1] At that time, Defendant Arnel and Plaintiff got into an argument regarding whether Plaintiff was helping other inmates and whether that was improper. *See id.* at 24-25. Plaintiff was subsequently ejected from the law library and he filed a grievance against Defendant Arnel. *See id.* at 26-29. On March 6, 2012, Defendant Arnel instructed Plaintiff to return to the law library so that Defendant Arnel could apologize. *See id.* at 31. Plaintiff refused to comply. *See id.*

---

[1] The facts discussed herein are taken from Plaintiff's complaint, which are taken as true for purposes of his motion for default judgment. *See* Section II.A., *infra*.

Plaintiff alleges that, once he learned of Plaintiff's grievance against him, Defendant Arnel then filed a retaliatory charge against Plaintiff for failing to obey his order to appear in the law library to receive an apology. *See id.* at 31-33. Plaintiff alleges that Defendant Burson (associate warden at the time) "condoned, approved of and sanctioned" the improper notice of charges. *See id.* at 34. Plaintiff alleges that as a result of that conduct, he was subsequently found guilty of the charge and is harmed by the fact that the guilty finding remains part of his record. *See id.* at 35.[2]

On or about December 13, 2013, service of process was effectuated through personal service on Defendant Burson. *See* Docket No. 36. Defendant Burson has not appeared in this action, and the Court entered a default against her. *See* Docket No. 41. On March 18, 2014, Plaintiff filed a motion for default judgment, Docket No. 43, which was denied as premature in light of the continued pendency of intertwined claims against other defendants, *see* Docket No. 114. After the claims against the other defendants were settled, *see* Docket No. 156, Plaintiff renewed his motion for default judgment against Defendant Burson, Docket No. 157. The renewed motion for default judgment was denied without prejudice because, *inter alia*, Plaintiff failed to address the seven factors outlined by the Ninth Circuit and failed to prove his damages. Docket No. 168. On June 15, 2015, Plaintiff filed a second renewed motion for default judgment. Docket No. 170. On July 30, 2015, the Court ordered Plaintiff to submit a supplemental filing better explaining his theories of damages, attaching any additional evidence that Plaintiff wished to present on damages, and explaining with particularity any additional evidence that Plaintiff would seek to admit through an evidentiary hearing. Docket No. 171 at 2-4. Plaintiff then submitted a supplement further explaining his theories of damages and attaching exhibits. Docket No. 172. That supplement does not seek an evidentiary hearing or identify further evidence Plaintiff could submit through an evidentiary hearing. *See id.*

The second renewed motion for default judgment, along with Plaintiff's supplemental filing, is the matter currently before the Court.

---

[2] The notices of charges were served by Defendant Wilson. *See id.* at 36. Defendant Wilson physically assaulted Plaintiff at that time. *See, e.g.*, *id.* at 39-41. In briefing the pending motion, Plaintiff asserts that Defendant Burson's conduct led to his close proximity to Defendant Wilson. *See* Docket No. 172 at 3.

## II. ANALYSIS

### A. Entitlement to Default Judgment

Once default has been entered, the plaintiff may apply to the Court for entry of default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. The choice whether a default judgment should be entered is at the sole discretion of the district court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant's default alone does not entitle a plaintiff to a court-ordered judgment. *See id.* Instead, the Ninth Circuit has determined that a court should look at seven discretionary factors before rendering a decision on default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). These factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* In applying these *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).[3] The Court construes liberally the filings of *pro se* prisoners bringing civil rights claims. *See, e.g.*, *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

#### 1. Possibility of Prejudice, Substantive Merits, and Sufficiency of Complaint

Within the prison context, a plaintiff bringing a First Amendment retaliation claim must establish five elements: (1) that a state actor took some adverse action against the inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) that the action did not reasonably advance a legitimate correctional goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of harm, rather than of "chill," may be a sufficient basis for such a claim. *See, e.g.*, *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). United States District Judge James C. Mahan has already screened the claim against Defendant

---

[3] In addition, the Court must be satisfied that service was proper and that the Court possesses personal jurisdiction over the defendant. *See, e.g.*, *Tuli v. Republic of Iraq*, 172 F.3d 707, 712 (9th Cir. 1999). The undersigned is satisfied that service was proper and that the Court possesses personal jurisdiction over Defendant Burson.

Burson, and found that it could proceed. *See* Docket No. 16 at 9. The undersigned has also reviewed the complaint, and finds that the complaint is sufficient with respect to this claim against Defendant Burson. In light of the facts alleged in the complaint and taken as true here, the claim against Defendant Burson also has substantive merit. Moreover, Plaintiff may suffer prejudice if a default judgment is not entered, as Defendant Burson has failed to respond to the complaint. As a result, the first, second, and third *Eitel* factors weigh in favor of default judgment.

2. Sum of Money at Stake

"The fourth *Eitel* factor considers the amount of money at stake and the seriousness of the defendant's conduct, which involves an assessment of whether the recovery sought is proportional to the harm the defendant's conduct has caused." *Laera v. Fang*, 2015 WL 1326421, *2 (D. Nev. Mar. 25, 2015). In this instance, Plaintiff seeks $2,001 arising out of Defendant Burson's conduct in condoning and sanctioning the filing of improper, retaliatory charges against Plaintiff. As a general matter, the recovery sought by Plaintiff is not necessarily disproportionate to this type of claim. *Cf. Gordon v. Benson*, 2015 WL 926252, *6 (W.D. Mich. Mar. 4, 2015). On the other hand, and as discussed in more detail below, Plaintiff failed to substantiate the damages he seeks in this case. *See* Section II.B., *infra*. As a result, this factor is neutral.

3. Possibility of a Factual Dispute

Since there has been a default in this case, the factual allegations against Defendant Burson are taken as true. Given Defendant Burson's failure to appear to challenge those factual allegations and the adequately alleged cause of action, this factor weighs in favor of default judgment.

4. Whether Default was Due to Excusable Neglect

This *Eitel* factor considers the possibility that the default resulted from excusable neglect. In this instance, service was personally effectuated on Defendant Burson, she had an adequate opportunity to respond, and no evidence exists to suggest excusable neglect. As a result, this factor weighs in favor of default judgment.

5. Strong Policy in Favor of Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. As evidenced by the existence of Rule 55(b) providing for default judgment, however, this

consideration alone is not dispositive. *See, e.g.*, *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). In this case, Defendant Burson has failed to appear and a decision on the merits is impracticable, if not impossible. As such, the preference to decide cases on the merits does not preclude entry of default judgment.

       7.     Conclusion

In light of the above consideration of the relevant factors, the undersigned finds that entry of default judgment against Defendant Burson is appropriate.

      B.     <u>Damages</u>

The plaintiff seeking default judgment has the burden of proving his damages. *See, e.g.*, *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1010 (N.D. Cal. 2001). Generally speaking, damages are proven through the submission of evidence or the holding of an evidentiary hearing. *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). Punitive damages are never awarded as of right, but rather require a showing that the defendant's conduct was motivated by evil motive or intent, or when it involves reckless or callous indifference to the federal protected rights of others. *See Dolphin v. Ruiz*, 2008 WL 4552940, *3 (C.D. Cal. Oct. 9, 2008) (discussing *Smith v. Wade*, 461 U.S. 30 (1983)). Generally speaking, punitive damages cannot be awarded simply on the basis of pleadings and instead can only be awarded based on an evidentiary showing. *See, e.g.*, *Hauge v. Adriatic Ins. Co.*, 2013 WL 5587365, *2 (E.D. Cal. Oct. 10, 2013). Plaintiff's motion for default judgment seeks a judgment in the amount of $2,001, consisting of alternative combinations of nominal, compensatory, and punitive damages.

       1.     Compensatory and Nominal Damages

In his complaint, Plaintiff asserted that he was damaged by Defendant's Burson's actions because he was subsequently found guilty of the retaliatory charge and is harmed by the fact that the guilty finding remains part of his record. *See* Docket No. 8 at 35. Plaintiff's motion for default judgment does not pursue compensatory damages based on that injury, however.[4] Instead, Plaintiff seeks to recover

---

[4] It is not clear whether the cited guilty finding remains part of Plaintiff's record. Even if it does remain part of Plaintiff's record, he has failed to articulate the harm that has flowed from that fact.

5

compensatory damages against Defendant Burson based on the subsequent conduct of Defendant Wilson. *See* Docket No. 170 at 5.[5]  The complaint alleges that Defendant Wilson physically assaulted Plaintiff. Docket No. 8 at 39-41. Plaintiff attempts to tie that conduct to Defendant Burson by arguing she knew that condoning Defendant Arnel's retaliatory charge would lead to Plaintiff's close proximity to Defendant Wilson. *See* Docket No. 172 at 3. Plaintiff asserts that this is significant because Defendant Burson knew that Plaintiff had previously filed a grievance against Defendant Wilson and that Defendant Wilson had hostile attitudes toward inmates. *See id.* at 2 (citing Exhibits B, C).

"Liability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisorial position, the causal link between her and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). A plaintiff can establish the necessary causal connection for supervisory liability by alleging that the supervisor "set in motion a series of acts by others, or knowingly refused to terminate a series of acts by others, which he knew or reasonably should have known, would cause others to inflict a constitutional injury." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal alterations omitted). Thus, "[a] supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1208 (quoting *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998)).

Plaintiff's claim for damages against Defendant Burson based on the conduct of Defendant Wilson fails for at least two reasons. First, the complaint did not put Defendant Burson on notice that the claim against her included a request for damages on that basis. Instead, the complaint alleged that

---

[5] Plaintiff's supplement correctly cites to Ninth Circuit authority indicating that a physical injury is not required to prevail on a First Amendment retaliation claim. *See Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998). Nonetheless, the Court will address the alleged physical injury inflicted by Defendant Wilson because Plaintiff is seeking damages from Defendant Burson based on that injury.

Defendant Burson's conduct led to Plaintiff being found guilty of the retaliatory charge and that Plaintiff was harmed by the fact that the guilty finding remained part of his record. *See* Docket No. 8 at 35. The complaint did not include any specific allegations of causation tying Defendant Burson to the subsequent unconstitutional conduct of Defendant Wilson. Without pleading such allegations in the complaint, an award of damages on this basis against Defendant Burson through a default judgment would be improper. *See Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) ("facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment"); *see also Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) ("necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default"). Because the complaint does not contain specific allegations that Defendant Burson caused the injury inflicted by Defendant Wilson, the undersigned finds that default judgment should not be entered against Defendant Burson for damages arising from that injury.

Second, even viewing the evidence presented, Plaintiff failed to establish the necessary causal connection between (1) Defendant Burson's conduct in condoning the filing of a retaliatory charge by Defendant Arnel and (2) Defendant Wilson subsequently assaulting Plaintiff. As noted above, a supervisory defendant may be liable for the damages arising out of conduct of subordinates when the supervisor set in motion a series of acts which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury. *See Larez*, 946 F.2d at 646. The evidence cited by Plaintiff does not show that Defendant Burson knew or should have known that Defendant Wilson would assault Plaintiff when Defendant Burson condoned Defendant Arnel's retaliatory charges. The evidence shows that Plaintiff filed a grievance against Defendant Wilson for an oral disagreement in the dining hall, and that he and other prisoners filed other similar grievances against Defendant Wilson. *See, e.g.*, Docket No. 172 at 19-55. Plaintiff contends that such grievances show that Defendant Wilson had a "hostile attitude" toward inmates, especially African-American inmates, and that he had made "inappropriate comments." *See, e.g.*, Docket No. 172 at 2. Plaintiff further contends that Defendant Burson knew of these grievances. *See id.* The undersigned finds such evidence insufficient to show that Defendant Burson knew or should have known that she was setting in motion a series of events that

would lead to the physical assault alleged, such that she can be held liable for the damages resulting from that assault.

Because Plaintiff has failed to establish a sufficient basis for compensatory damages, Plaintiff should be awarded one dollar in nominal damages. *Cf. Schneider v. County of San Diego*, 285 F.3d 784, 794 (9th Cir. 2002).

### 2. Punitive Damages

Once nominal damages are awarded, a court may consider whether to award punitive damages. *See Oliver v. Keller*, 289 F.3d 623, 629-30 (9th Cir. 2002). As noted above, punitive damages are never awarded as of right, but rather require a showing that the defendant's conduct was motivated by evil motive or intent, or when it involves reckless or callous indifference to the federal protected rights of others.[6] Generally speaking, punitive damages cannot be awarded simply on the basis of pleadings and instead can only be awarded based on an evidentiary showing.

Plaintiff has not put forward sufficient evidence to sustain a punitive damages award against Defendant Burson. The evidence shows that Defendant Arnel's disciplinary report indicated that he "advised Associate Warden Burson of the incident and was further directed to give the inmate a Notice

---

[6] Plaintiff argues that punitive damages are always available as a matter of course in First Amendment retaliation cases. *See* Docket No. 172 at 6-7 (arguing that case law holds that retaliation related to filing a grievance is reckless indifference *per se*). The Court is not persuaded. The Ninth Circuit cases cited by Plaintiff merely mention as background that punitive damages had been awarded by the district court. *See Dannenberg v. Valadez*, 338 F.3d 1070, 1072 (9th Cir. 2003); *Hines v. Gomez*, 108 F.3d 265, 267 n.2 (9th Cir. 1997). Contrary to Plaintiff's argument, the out-of-circuit cases cited also do not stand for the proposition that First Amendment retaliation establishes *per se* reckless indifference. *See Walker v. Bain*, 257 F.3d 660, 674 (6th Cir. 2001) (affirming punitive damages award based on the jury's conclusion that "defendants conduct was malicious enough to justify punitive damages"); *Maurer v. Patterson*, 197 F.R.D. 244, 250 (S.D.N.Y. 2000) (reducing punitive damages amount in light of apparent lack of evil motive or malice, but not addressing whether the punitive damages award was nonetheless properly based on, *inter alia*, reckless indifference). Instead, courts have rejected attempts to obtain punitive damages as a matter of right for First Amendment retaliation without a proper showing of heightened culpability. *See Brooks v. Smith*, 2007 WL 3275266, *15-16 (M.D. Penn. Nov. 6, 2007) (discussing *Brennan v. Norton*, 350 F.3d 399, 439-30 (3d Cir. 2003) and expressly rejecting argument that First Amendment retaliation automatically supports imposition of punitive damages); *see also Hunt v. Fields*, 2014 WL 1757211, *1, 3-4 (E.D. Cal. May 1, 2014) (denying motion for judgment as a matter of law for punitive damages notwithstanding jury finding of retaliation and award of compensatory damages).

of Charges due to his blatant disregard for the three direct orders he was given." Docket No. 170 at 14. This evidence merely shows that Defendant Burson ordered the issuance of notice of charges following her conversation with Defendant Arnel, and does not establish a basis for awarding punitive damages. Accordingly, the undersigned finds that an award of punitive damages is not appropriate in this case.[7]

### III. CONCLUSION

For the reasons discussed more fully above, the undersigned **RECOMMENDS** that Plaintiff be granted default judgment in the amount of one dollar.

IT IS SO ORDERED.

DATED: November 30, 2015

_____
Nancy J. Koppe
United States Magistrate Judge

### NOTICE

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.

---

[7] Any punitive damages award must comport with the principles of due process, which prohibit the awarding of excessive punitive damages awards. *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 574-75 (1996); *see also Arizona v. ASARCO LLC*, 773 F.3d 1050, 1058 (9th Cir. 2014) (en banc). In light of the finding that an award of punitive damages is not proper, the undersigned does not address this proportionality issue.