UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Christopher A. Jones,<br><br>    Plaintiff<br><br>v.<br><br>Alan Zimmer, et al.,<br><br>    Defendants | 2:12-cv-01578-JAD-NJK<br><br>**Order overruling plaintiff's objections and adopting Magistrate Judge Koppe's report and recommendation**<br><br>**[ECF 170, 173, 176]** |

Few lawsuits begin with an apology. And even fewer seek punitive damages because someone wanted to apologize. But plaintiff Christopher Jones alleges that an unwanted apology violated his First Amendment rights.

Jones claims that, while helping other inmates in the law library, he got into an argument with defendant Arnel, a prison caseworker, who expelled Jones from the library.[1] When Arnel discovered his error, he ordered Jones back to the library to accept an apology, but Jones refused and was disciplined for disobeying an order. Jones claims Officer Wilson then handcuffed him, causing "deep cuff marks . . . and a spiked blood pressure level."[2] Because Associate Warden Cheryl Burson allegedly condoned the apology—and knew that condoning it would somehow cause Jones's injuries—Jones named Burson in this lawsuit, which seeks $2,001 in nominal, compensatory, and punitive damages.[3]

Burson responded to Jones's lawsuit the same way Jones responded to the apology: she ignored it.[4] So, Jones asks me to enter a $2,001 default judgment against Burson. Magistrate Judge

---

[1] ECF 8 at 21–28.

[2] ECF 176 at 3; ECF 172 at 3.

[3] ECF 8 at 32; ECF 170 at 2.

[4] *See* ECF 36 (serving Burson with a summons and complaint).

Koppe recommends that I grant Jones's motion for default judgment, but award him only $1 in nominal damages.[5] Jones objects.[6] Having considered Jones's objections, I adopt Judge Koppe's recommendation in full, overrule Jones's objections, and enter judgment against Burson in the amount of $1.

**Discussion**

When a party files specific written objections to a United States magistrate judge's findings and recommendations,[7] the district court must make a de novo determination of those portions of the report to which objections are made.[8] The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings and recommendations.[9]

Jones first objects to Judge Koppe's recommendation against awarding punitive damages.[10] Under Rule 55, I accept Jones's factual allegations as true, but he still must prove damages.[11] As noted by Judge Koppe, punitive damages "are never awarded as of right."[12] In § 1983 cases, they may be awarded only if "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."[13] "Liability . . . arises only upon a showing of personal participation by the defendant."

Jones contends that Judge Koppe "ignored or totally overlooked" various documents—grievance forms, medical records, a code of ethics, and prison regulations—that

---

[5] ECF 173 at 9.

[6] ECF 176.

[7] 28 U.S.C. § 636(b); L.R. IB 3-2.

[8] 28 U.S.C. § 636(b); L.R. IB 3-2.

[9] 28 U.S.C. § 636(b); L.R. IB 3-2.

[10] ECF 176 at 2–11.

[11] *Televideo Video Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

[12] ECF 173 at 8.

[13] *Smith v. Wade*, 461 U.S. 30, 56 (1983).

support an award of punitive damages.[14] But nothing in the record supports a finding that Burson was motivated by evil or acted recklessly. Indeed, even if I assume that Burson operates with evil intent as a matter of course, several logical leaps are required to land at the conclusion that she was somehow personally involved in the acts ascribed to Arnel and Wilson. For instance, Jones alleges that Arnel disciplined him because Jones refused to accept an apology. But this motion seeks punitive damages against Burson because Arnel ordered Jones to accept the apology at the library when Jones was not scheduled to be there.[15] What, if anything, Burson had to do with this is unclear.

Jones's other arguments are even more speculative. He asserts, for example, that punitive damages are warranted because "there was no posted regulation that an inmate had to accept an apology from a staff member."[16] Even if the rules of apologies are still unclear to Jones, he has failed to show—as the law requires—that Burson personally participated in posting regulations and that it was "evil" to give the inmates the freedom to choose between accepting or rejecting an apology. As recognized by Judge Koppe, the only evidence Jones produced that implicates Burson is the Notice of Charges.[17] But that document merely shows that Burson ordered a notification to be sent following a conversation with Arnel.[18] It does not provide a basis for imposing punitive damages.

Jones's second and final objection is to Judge Koppe's recommendation against awarding compensatory damages.[19] Judge Koppe denied the request because Jones moved for damages on

---

[14] ECF 176 at 2.

[15] *Id*. at 3.

[16] ECF 176 at 3.

[17] ECF 173 at 8–9.

[18] ECF 176 at Ex. A-1 (stating that Arnel "advised Associate Warden Burson of the incident and was further directed to give the inmate a Notice of Charges due to his blatant disregard for the three direct orders he was given.").

[19] *Id.* at 11.

allegations that were not contained in his complaint and because he failed to establish a causal link between Burson and his alleged injury.[20]  I adopt Judge Koppe's recommendation not to award compensatory damages because Rule 54(c) limits a default judgment to "what is demanded in the pleadings."[21]  I also adopt Judge Koppe's recommendation on the grounds that Jones failed to adequately connect his injury to Burson.  Relying on *Bruce v. Ylst*,[22] Jones argues that a causal link may be inferred from the proximity in time between the Notice of Charges and "the numerous complaints against Defendant Wilson that showed his propensity for violent outbursts."[23]  But Jones failed to provide evidence of "the numerous complaints" against Wilson.  And he overlooked the Ninth Circuit's holding in *Bruce*, which predicated a causal link on suspect timing "combined with" other evidence.[24]  Even if I overlooked these deficiencies, I would still deny Jones's request for compensatory damages because he failed to specify what he wishes to be compensated for and prove the value of his loss to a reasonable certainty.

**Conclusion**

Accordingly, and for good cause shown, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Koppe's Report and Recommendation **[ECF 173] is adopted in full**.

. . .

---

[20] ECF 173 at 6–7.

[21] FED. R. CIV. P. 54(c).

[22] *Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003).

[23] ECF 176 at 12.

[24] *Bruce*, 351 F.3d at 1289.

IT IS FURTHER ORDERED that Jones's Renewed Motion for Default Judgment **[ECF 170] is granted in part and denied in part**.  The Clerk of Court is directed to enter default judgment in favor of the plaintiff and against Defendant Cheryl Burson in the amount of $1.

Dated this 22nd day of March, 2016

_____
Jennifer A. Dorsey
United States District Judge